A. E. HECKER, as Trustee in Bankruptcy of Rose M. Geiger, Bankrupt, v. COMMERCIAL STATE BANK of Carrington, North Dakota, a Corporation.

(159 N. W. 97.)

**Fire insurance policy — pledged — assigned — may be — orally or by writing.**

1. A policy of fire insurance may be pledged or assigned orally, as well as by means of a written instrument.

**Creditor — insurance policy — collateral security — insurable interest — goods.**

2. A creditor who loans to a business concern money, and takes as collateral security to such loan an assignment or pledge of a fire insurance policy on the goods used by the borrower in the business for which the loan is made, has an insurable interest in said goods under the provisions of § 6466, Compiled Laws of 1913, which provides that "every interest in the property, or any relation thereto, or liability in respect thereof of such a nature that a contemplated peril might directly damnify the insured, is an insurable interest."

**Mercantile business — insurance policy — assignment — to creditor — collateral security — insurance — collection of amount — future advances — unlawful preference — Federal Bankruptcy Act.**

3. A transaction in which the owner of a mercantile business gives to a creditor an assignment of an insurance policy, in order that such creditor may collect the amount thereof and apply the same to the payment of a prior loan, and which is given in furtherance of a prior agreement by which the insurance policy was pledged to the said creditor as security for money loaned and for future advances, and under the understanding that in case of fire such authority to collect or assignment should be given, is not an unlawful preference under the Federal Bankruptcy Act, even though made within four months of the act of bankruptcy, the money being loaned, and the policy having been pledged, prior to that time.

Opinion filed August 1, 1916.

Appeal from the District Court of Foster County, *Coffey,* J.

NOTE.—Upon the question of voidability of transfer within four months of bankruptcy, given pursuant to executory agreement antedating such period, see note in 17 L.R.A.(N.S.) 937, in which assignments of policies of insurance are discussed on page 939, the cases holding, in accord with the case above, that similar assignments are not unlawful preferences.

Action by trustee in bankruptcy to recover money claimed to have been paid under an unlawful preference. Judgment for defendant. Plaintiff appeals.

Affirmed.

*George H. Stillman,* for appellant.

It is the law, and the courts of this jurisdiction have adopted it, that choses in action cannot be pledged orally, but such pledge must be by a written instrument duly executed. Sykes v. Hannewalt, 5 N. D. 335, 65 N. W. 682; Wright v. Ross, 36 Cal. 414; Brewster v. Hartley, 37 Cal. 15, 99 Am. Dec. 237; American Exch. Nat. Bank v. Federal Nat. Bank, 226 Pa. 483, 27 L.R.A.(N.S.) 666, 134 Am. St. Rep. 1071, 75 Atl. 683, 18 Ann. Cas. 444; St. Paul F. & M. Ins. Co. v. Brunswick Grocery Co. 113 Ga. 786, 39 S. E. 483.

An interest in property, to be an insurable interest, must be either ownership of the property or of some lien upon or interest in same. This interest and the ownership of the insurance must unite in one person or there is no insurance. Rev. Codes 1905, § 5904, Comp. Laws 1913, § 6471.

Neither public policy, the law, nor our courts will permit of an oral pledge of a fire insurance policy. New York v. Louisiana, 108 U. S. 91, 27 L. ed. 662, 2 Sup. Ct. Rep. 176; McCarter v. Firemen's Ins. Co. 74 N. J. Eq. 372, 29 L.R.A.(N.S.) 1195, 135 Am. St. Rep. 708, 73 Atl. 80, 414, 18 Ann. Cas. 1048; Foss v. Petterson, 20 S. D. 93, 104 N. W. 915.

"A mortgage or transfer of his property by an insolvent debtor within four months of the filing of a petition in bankruptcy against him, which otherwise constitutes a voidable preference, is not deprived of that character or made valid by the fact that it was executed in performance of a covenant to do so made more than four months before the filing of the petition." Wilson Bros. v. Nelson, 183 U. S. 191, 198, 46 L. ed. 147, 151, 22 Sup. Ct. Rep. 74; Re Sheridan, 98 Fed. 406; Re Dismal Swamp Contracting Co. 135 Fed. 417; Re Ronk, 111 Fed. 154; Pollock v. Jones, 61 C. C. A. 555, 124 Fed. 163; Johnston v. Huff, A. & M. Co. 66 C. C. A. 534, 133 Fed. 704; Re Mandel, 127 Fed. 863; Ragan v. Donovan, 189 Fed. 138; Page v. Rogers, 211 U. S. 575, 53 L. ed. 332, 29 Sup. Ct. Rep. 159.

*T. F. McCue,* for respondent.

The appellant here only challenges the conclusions of law made by the trial court.   Therefore, it is only for this court to say whether or not the judgment appealed from is valid, and the one which, under the findings of fact, the court should have entered.   Sargent v. Kindred, 5 N. D. 8, 63 N. W. 151; Tribune Printing & Binding Co. v. Barnes, 7 N. D. 591, 75 N. W. 904.

The policy of insurance here involved was formally assigned in writing; but this was not a new contract.   It was merely carrying out an agreement that had long before been made by the parties.

"One by doing or undertaking to do what the law or a previous agreement requires him to do merits nothing, and it is not a consideration for anything."   Bishop, Contr. § 48; Chilson v. Bank of Fairmount, 9 N. D. 99, 81 N. W. 33; Roberts v. First Nat. Bank, 8 N. D. 474, 79 N. W. 993.

A court will treat an agreement for pledge or bonds or other property as binding, and will give it effect according to the intention of the contracting parties.   White Water Valley Canal Co. v. Vallette, 21 How. 414, 16 L. ed. 154; Calhoun v. Memphis & P. R. Co. 2 Flipp. 442, Fed. Cas. No. 2,309; Spence v. Mobile & M. R. Co. 9 Ala. 586; Howard v. Iron & Land Co. 62 Minn. 298, 64 N. W. 896; Hamilton Trust Co. v. Clemes, 163 N. Y. 429, 57 N. E. 614; Harrigan v. Gilchrist, 121 Wis. 361, 99 N. W. 909.

An insurance policy is not incorporeal property.   It is corporeal property, and capable of delivery the same as a promissory note. · A mortgage may be pledged without a written assignment.   Runyan v. Mersereau, 11 Johns. 534, 6 Am. Dec. 393; Fryer v. Rockefeller, 63 N. Y. 276; Williams v. Norton, 3 Kan. 295.

Where the debt is evidenced by writing, a mere delivery of the evidence of the debt to the pledgee without any writing is sufficient. Dickey v. Pocomoke City Nat. Bank, 89 Md. 280, 43 Atl. 33; Roberts v. First Nat. Bank, supra.

A fire insurance policy may be assigned orally.   Howe v. Jones, 57 Iowa, 130, 8 N. W. 451, 10 N. W. 299; Moore v. Lowrey, 25 Iowa, 336, 95 Am. Dec. 790; Perkins v. Peterson, 2 Colo. App. 242, 29 Pac. 1135; Hight v. Sackett, 34 N. Y. 447; State v. Millner, 131 Mo. 432, 33 S. W. 15; Hoag v. Mendenhall, 19 Minn. 335, Gil. 289.

The deposit or pledging or transferring of the policy of insurance with respondent did not transfer the title to the policy, nor to the goods covered or insured. The question of "insurable interest in property is not involved in this case." Collins v. Dawley, 4 Colo. 138, 34 Am. Rep. 72; Pomeroy v. Manhattan L. Ins. Co. 40 Ill. 398; Rev. Codes 1905, §§ 4950, 6194, Comp. Laws 1913, §§ 5493, 6771; Roberts v. First Nat. Bank, 8 N. D. 474, 79 N. W. 993; Van Cise v. Merchants' Nat. Bank, 4 Dak. 485, 33 N. W. 897.

The point of distinction as to what constitutes a preference right where property is transferred, pledged, or given as security within the limit of time preceding the bankruptcy proceedings, is that it is not in violation of the law if done pursuant to an agreement entered into prior to such time limit, but is regarded as having been done as of the date of such prior agreement,—a mere consummation of the former agreement. Sabin v. Camp, 98 Fed. 974; Broughton v. Vasquez, 73 Cal. 325, 11 Pac. 806, 14 Pac. 885; Williams v. Clark, 47 Minn. 53, 49 N. W. 398; Bush v. Boutelle, 156 Mass. 167, 32 Am. St. Rep. 442, 30 N. E. 607; Chilson v. Bank of Fairmount, 9 N. D. 99, 81 N. W. 33.

There being no proof here that the assets of the bankrupt were insufficient to pay her debts in full at the time of the commencement of this action, or that the money in controversy was required to pay such debts, the complaint is insufficient. Prescott v. Galluccio, 164 Fed. 618; Jordan v. Stephenson, 17 Iowa, 514; Fox v. Dyer, 3 Cal. Unrep. 139, 22 Pac. 257; Bruker v. Kelsey, 72 Ind. 51.

A complaint in an action to set aside a conveyance as fraudulent must allege that plaintiff is a creditor, or represents creditors. Sawyer v. Harrison, 43 Minn. 297, 45 N. W. 434; Eller v. Lacy, 137 Ind. 436, 36 N. E. 1088; Ferguson v. Bobo, 54 Miss. 121.

A trustee in bankruptcy must allege and prove that the estate is insufficient to pay the debts against the bankrupt. Brumbaugh v. Richcreek, 127 Ind. 240, 22 Am. St. Rep. 647, 26 N. E. 664; Roney v. Conable, 125 Iowa, 664, 101 N. W. 505; Seager v. Armstrong, 95 Minn. 414, 104 N. W. 480; Schreyer v. Citizens' Nat. Bank, 74 App. Div. 478, 77 N. Y. Supp. 494; Lesser v. Bradford Realty Co. 47 Misc. 463, 95 N. Y. Supp. 933; Mueller v. Bruss, 112 Wis. 406, 88 N. W. 229; Level Land Co. v. Sivyer, 112 Wis. 442, 88 N. W. 317.

BRUCE, J.. This is an action brought by A. E. Hecker, the trustee in bankruptcy of Rose M. Geiger, bankrupt, to recover from the Commercial State Bank of Carrington, North Dakota, the proceeds of an insurance policy which was collected by the bank and applied to the payment of debts owing to it by the bankrupt. The case was tried to the court without a jury, and from a judgment in favor of the defendant and dismissing the action, the plaintiff appeals.

According to the findings of fact, which are in no way controverted by the appellant, on or about the 21st of September, 1911, and continuously thereafter until on or about January 3d, 1913, the defendant, Rose M. Geiger, conducted and operated a retail millinery business in the city of Carrington, North Dakota. On or about September 21st, 1911, she procured through the defendant, The Commercial State Bank of Carrington, a policy of fire insurance in the standard form on her stock and store fixtures, and which policy remained in the possession of the defendant bank, which paid the premium thereon and charged the same against her account. Later, and on or about March 12th, 1912, the said Rose M. Geiger borrowed from the defendant bank the sum of $190, and gave her promissory note therefor. This note was signed by other persons as security. From that date and until September, 1912, the said Rose M. Geiger borrowed from the defendant bank additional sums of money, amounting in all to the sum of $650. At the time of making the first loan of $190, before mentioned, the said Rose M. Geiger deposited the policy of insurance before mentioned with the defendant bank under an oral agreement that it should be held as collateral security for the payment of the indebtedness due from her to the defendant, as evidenced by said promissory notes, and that in the event of the loss by fire of the property insured by such policy, the defendant bank ·should collect from the insurance company the amount of such policy and deduct therefrom the amount of the indebtedness to it. Later, and on or about September 21st, 1912, the policy above set forth expired, but there was issued to the said Rose M. Geiger a renewal policy in the same form, and which policy was deposited by the said Rose M. Geiger with the defendant bank under the same terms and conditions as the prior one, and which policy was retained in the possession of the defendant bank in accordance with the said agreement. Later, and on or about January 3d, 1913, the property insured was

destroyed by fire. Later, and on or about January 3d, 1913, and immediately following the loss, the said Rose M. Geiger executed and delivered to the defendant bank an assignment of said policy of insurance for the purpose of enabling such bank to collect the proceeds thereof, but such assignment was merely formal, and was given by the said Rose M. Geiger pursuant to the collateral security agreement before mentioned. Later, and on the 20th of January, 1913, the defendant bank collected the sum of $934.75 on said policy from the insurance company, of which it retained the sum of $650.25, which sum was the amount of the indebtedness due to the bank from the said Rose M. Geiger at such time, and, after extinguishing the debt due to it, paid over the balance in cash to defendant, Rose M. Geiger. Thereafter, and on or about March 13th, 1913, the said Rose M. Geiger was adjudged a bankrupt in the United States district court, and on May 9th, 1913, the plaintiff, A. E. Hecker, was elected and qualified as trustee.. There is also a finding that at the time of the making of the loan by the defendant bank to the said Rose M. Geiger it had no knowledge of the financial condition of the said Rose M. Geiger; that prior to the date of the loss of the goods by fire, it made no special injuries as to such financial conditions, but that, after such loss by fire, it learned that claims aggregating the sum of about $1,000 were held against her for collection. There is also a finding that on or about January 3d, 1913, which was the date of the fire, the said Rose M. Geiger was insolvent, which insolvency continued until the time of the trial.

The first proposition which is urged by the plaintiff and appellant is that the oral agreement made by Rose M. Geiger and the defendant bank on March 12th, 1912, together with the deposit of the policy, did not constitute a pledge, and this for the reason that a policy of fire insurance may not be pledged orally, but only by a written instrument duly executed. Appellant, however, concedes that if the policy of fire insurance and its proceeds were properly and legally pledged on March 12th, 1912, and on September 21st, 1912, the date of the deposit of the renewal policy, he was properly defeated in the trial court, and his appeal should be dismissed. Plaintiff and appellant maintains in short that a policy of fire insurance is merely a chose in action, and that a chose in action cannot be pledged by on oral agreement merely.

We believe that there is no merit in this contention. It is true that

35 N. D.—2.

there is some support for it in the authorities, but the statements of recent years have been largely *dicta*. It now seems to be generally understood, indeed, that parol assignments of choses in action are valid, and especially of those which are themselves evidenced by written contracts, and which are capable of delivery. See 5 C. J. 900; Roberts v. First Nat. Bank, 8 N. D. 480, 79 N. W. 993; Howe v. Jones, 57 Iowa, 130, 8 N. W. 451, 10 N. W. 299; Moore v. Lowrey, 25 Iowa, 336, 95 Am. Dec. 790; Runyan v. Mersereau, 11 Johns. 534, 6 Am. Dec. 393; Dickey v. Pocomoke City Nat. Bank, 89 Md. 280, 43 Atl. 33.

A pledge is both an assignment and a transfer of possession. Oral proof of the assignment of the claim against the insurance company was certainly permissible. The formal written assignment which was made after the adjudication in bankruptcy was merely in furtherance of the original agreement. The insurance company made no defense on the ground of the illegality of the pledge, nor that in the first place there was no written assignment nor written agreement of pledging. It could have paid the claim and acknowledge the liability under the contract of insurance and the assignment of the right under the contract to the defendant bank, and this without any formal delivery or pledge of the policy to the bank whatever.

But plaintiff contends that the defendant bank did not have an insurable interest in the property covered by the policy, and that therefore any attempt to pledge or assign to it the rights under such policy was void. He cites the following sections of the Compiled Laws of 1913:

"Section 7471. The sole object of insurance is the indemnity of the insured and if he has no insurable interest the contract is void."

"Section 6466. Every interest in the property, or any relation thereto, or liability in respect thereof of such a nature that a contemplated peril might directly damnify the insured is an insurable interest."

These sections, however, do not support his contentions. The creditor bank had certainly an interest in the property which was of such a nature that a contemplated peril might directly damnify it. It is self-evident that a bank which loans money on the credit of an established and running business has an interest in the matter as to whether the assets of that business are consumed by fire. See May, Ins. 2d.

ed. § 108; Connecticut Mut. L. Ins. Co. v. Schaefer, 94 U. S. 460, 24 L. ed. 253. No element of public policy is violated, indeed, by such an assignment or pledge. The policy was of course issued prior to its pledge or assignment. The money was loaned to the original insurer in order to enable her to continue her business and to weather her financial storms. Surely with the hope of such relief and after such relief, she would have less reason for destroying her property than if such help had not been obtainable. The temptation on the part of the owner who is pressed by many debts to burn his own property is certainly greater than that of a bank, which is generally but one of many creditors, to burn it for him.

Nor is there any merit in appellant's last point "that the oral agreement between Rose M. Geiger and respondent was ineffective for that it was not complete, as something more remained to be done to enable it to be carried into effect; to wit, a destruction of the property insured by fire and the execution of a written assignment following such destruction, and therefore it was in fact no more than an agreement for a pledge or assignment of the policy in the event of loss, and as such it must date from the date of the execution of the assignment and be construed as of that date; to wit, January 3d, 1913; and that date being within four months of Rose M. Geiger's adjudication in bankruptcy, such transaction was voidable in the suit of the trustee, appellant herein."

We have examined the cases cited by counsel for appellant and have no fault to find with the statements therein made that "a mortgage or transfer of his property by an insolvent debtor within four months of the filing of a petition in bankruptcy against him, which otherwise constitutes a voidable preference, is not deprived of that character or made valid by the fact that it was executed in performance of a contract to do so made more than four months before the filing of the petition." See Cross, J., in Tilt v. Citizens' Trust Co. 191 Fed. 449, quoting from Re Great Western Mfg. Co. 81 C. C. A. 341, 152 Fed. 123, 127. Nor have we any quarrel to make with the decision in Ragan v. Donovan, 189 Fed. 138, 146, wherein a debtor in 1904, under an oral agreement not to record the same, deposited with his creditor deeds to his property, and, in 1909, the deeds were recorded within four months of the filing of petitions in bankruptcy, and wherein it was said that

"delivery therefore was not complete and effective until some act was done which was within the contemplation of the parties and which ended Cahill's dominion over the papers. That act was to file them for record, which was an eventuality clearly within the plans of the parties when they were made. Then only was there delivery." These cases are not applicable to the one at bar, and for the reason that in the case which is before us the policy was actually pledged and the assignment actually made at the time of the delivery of the same. The mere formal assignment did not create the lien or pass the property. Bush v. Boutelle, 156 Mass. 167, 32 Am. St. Rep. 442, 30 N. E. 607.

The judgment of the District Court is affirmed.

On Petition for a Rehearing (filed September 8, 1916).

Counsel for appellant files a petition for a rehearing in which, among other matters, he lays stress upon the provisions of § 6467 of the Compiled Laws of 1913, which we neglected to mention in the original opinion, and which provides that "an insurable interest in property may consist in: 1. An existing interest. 2. An inchoate interest founded on an existing interest; or 3. An expectancy coupled with an existing interest in that out of which the expectancy arises."

We merely refer to this fact to make it clear that the section was not overlooked, and that its perusal does not in any way lead us to modify our former opinion or the construction that we have given to § 6466 of the Compiled Laws of 1913. The petition for a rehearing is denied.