**BANCO COMERCIAL DE PUERTO RICO v. ROYAL EXCHANGE ASSUR. CORPORATION et al.**

No. 2869.

Circuit Court of Appeals, First Circuit.

June 14, 1934.

Hugh R. Francis, of San Juan, Puerto Rico, for appellant.

Carroll G. Walter, of New York City (Henri Brown, of San Juan, Puerto Rico, on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal from decrees of the United States District Court for Puerto Rico dismissing two bills in equity brought by the plaintiff bank to reform certain fire insurance policies issued by the respective defendants and to collect on the policies as reformed. There are fifty-one assignments of error, only twenty-one of which have been argued, and these, as stated in the appellant's brief, "can be boiled down to two questions, to wit: (1) the right of the plaintiff Bank to a reformation of the standard mortgage clause as prayed for, and (2), the right of the Bank to recover if the policy is not so reformed."

The policies in question covered a wholesale stock of provisions and merchandise belonging to Cintron & Martinez contained in warehouses at Mayaguez. Each defendant issued three policies aggregating $20,000 on this stock; they were general policies, each one covering the whole stock. Attached to each policy was a rider containing what is known as the "Standard Mortgage Clause." It provided that "loss or damage, if any, under this policy shall be payable to Banco Comercial de Puerto Rico, as mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property," etc. It is unnecessary to state the other provisions of the clause.

The plaintiff bank had no mortgage or security on the goods insured. It was a large general creditor of Cintron & Martinez. The insured goods were destroyed by a fire which the District Judge found to have been "caused by the willful act or with the connivance of the assured." Cintron & Martinez were later adjudicated bankrupts and proceedings were instituted by their trustee to recover the insurance; the bank intervened to protect its interest; and the ultimate result, passing over unessential details, is the litigation before us.

The bank's contention was and is that the use of the standard mortgage clause was due to a mutual mistake under which all parties to the policies acted; that the insurance companies knew that the bank had no mortgage or lien on the goods but was a creditor of the owners; "that the sole intent of said clause was to assign and transfer to the Banco Comercial de Puerto Rico all rights in the aforesaid policy free from any invalidation by any act or neglect of the insured, up to

the amount of any indebtedness of the insured to the Banco Comercial de Puerto Rico at the time of any fire." The bank accordingly contends that the indorsement should be reformed to read substantially as follows "Loss, if any, payable to the Banco Comercial de Puerto Rico *as creditor (or trustee), to the amount of its credit against Cintron and Martinez* (italics supplied) S. en C., and this insurance, as to the interest of the creditor (or trustee) only therein, shall not be invalidated by any act of (sic) neglect of the debtor or the owner of the within described property."

The case was heard at great length in the District Court, nearly fifty witnesses being called and over one hundred and fifty exhibits being introduced. The District Judge found:

"That there was a mutual mistake in the standard mortgage clause attached to the policies in favor of the Banco Comercial de Puerto Rico, and that what was intended was to make the loss, if any, payable to the Banco Comercial as its interest may appear, but this will avail the plaintiffs nothing in this case."

"That Plaintiff Banco Comercial de Puerto Rico did not have an insurable interest in the merchandise insured in and by the policies set out in the bill of complaint, either at the time the said policies were issued, or at the time of the fire and loss. * * *"

In his opinion he says:

"The only reformation of the policies in this case that would be of any material benefit to the plaintiffs herein would be an assignment of the policies to the bank, free from invalidation by reason of any act or neglect of the insured Cintron & Martinez, S. en C., and I do not believe that there was ever any such intention."

The real question in the case is whether the District Judge was clearly wrong in refusing to find that it was the intention of the parties to write the policies in the form for which the plaintiff contends. There was conflict of testimony between the witnesses for the plaintiff and for the defendants. The former admitted having asked specifically for the "standard mortgage clause" indorsement; but they insisted that the facts were made clear to the representatives of the insurance companies and that the understood intention was that the policies should be so drawn as to protect the bank as a general creditor. The witnesses for the insurance companies by no means agreed that this latter understanding was correct. They testified in substance that the "standard mortgage clause" was asked for both by the insured and by the bank and was furnished as a matter of course on the supposition that the bank had or expected to have security on the insured goods. The agent through whom the insurance was effected testified "when Cintron and Martinez made applications for the standard mortgage clause it was for the purpose of guaranteeing to the Banco Comercial de Puerto Rico properties which were affected or pledged. I believe he used the word 'affected' but that means pledged." "They told me that they wanted the clause on account of their pledge." "He asked for the clause without any discussions whatever. I didn't know whether they had that pledge or not, but they so informed me." There was further evidence for the defendant that the "standard mortgage clause" is attached to any policy on request.

It is clear that the change in policies which the plaintiff sought to accomplish by the suit to reform, is of the most substantial character. The effect of it, as contended by the plaintiff, is to make the defendants liable although the fire was intentionally caused by the owners of the goods and there was attempted fraud in the proofs of loss. Such an alteration ought not to be decreed except upon very clear proof. In suits to reform written instruments, "The burden of proof resting upon the appellant cannot be satisfied by mere preponderance of the evidence. It is settled that relief by way of reformation will not be granted, unless the proof of mutual mistake be 'of the clearest and most satisfactory character.'" Brandeis, J., Philippine Sugar Estates Dev. Co. v. Government of Philippine Islands, 247 U. S. 385, at page 391, 38 S. Ct. 513, 515, 62 L. Ed. 1177, citing cases. We doubt whether the plaintiff's proof could reasonably have been viewed as meeting this exacting standard. It certainly cannot be held that the District Judge was clearly wrong in refusing to find that the intention of all parties was as the plaintiff contends and that there was mutual mistake in not writing the policies to carry out such intention. It is unnecessary to decide whether his first finding of fact was justified because the plaintiff, having failed to show any special property or insurable interest in the insured goods, is not entitled to recover even if the finding be correct.

As to (2): If the policy be not reformed as the plaintiff contends it should be and the plaintiff be regarded as an appointee or assignee of the policy, it can recover only

through the right of the insured, Cintron & Martinez. Fogg v. Middlesex Mut. Fire Ins. Co., 10 Cush. (Mass.) 337. With respect to them the District Judge found, as above stated: "That the fire in question was caused by the willful act or with the connivance of the assured"; also, "that the proofs of claim presented by Cintron and Martinez, S. en C., were for grossly exaggerated amounts and values"; also "that part of the stock of merchandise in question was not in the building described in the policies at the time of fire." It is too clear for discussion that these findings cannot be set aside as plainly wrong on the evidence presented, and that they are decisive against the plaintiff.

The decrees of the District Court are affirmed with costs.