Cheshire,
No. 5805.

EDWARD L. BERGERON

*v.*

LIONEL J. FONTAINE *& a.*

Argued December 3, 1968.
Decided June 3, 1969.

*Howard B. Lane* (by brief and orally), for the plaintiff.

*Olson, Reynolds & McMahon* for the defendants Fontaine and Reynolds, trustee in bankruptcy intervenor, filed no brief.

*Bell & Kennedy* (*Mr. Ernest L. Bell, III* orally), for the defendant insurance companies.

GRIMES, J. This is a petition in equity to reform certain fire insurance policies so that the plaintiff would be named as a "payee" instead of mortgagee. The Trial Court (*Dunfey,* J.) decreed reformation and transferred defendants' exceptions.

On May 25, 1964, Bergeron sold the stock in trade and fixtures of his clothing business to Fontaine for $45,000 and took a note for that amount payable at the rate of $200 a week with interest at 6% on the unpaid balance. He also leased that part of the building in which the store was located to Fontaine for a weekly rental of $100. The evidence would support a find-

ing that while Fontaine took possession, it was agreed between them that Bergeron would have a right to repossess the merchandise in default of payment and that no mortgage was executed because it was felt that the existence of a mortgage might operate as a handicap to Fontaine in doing business. The Trial Court found that plaintiff was to maintain an equitable interest until the note was paid. Bergeron did take a $5,000 second mortgage on Fontaine's home as security for part of the $45,000 obligation, but this part of the transaction is not involved in this proceeding.

The written lease contained a provision that the lessee would keep the "merchandise in the store insured in an amount not less than the balance the lessee owes the lessor and said policy shall be made payable to the lessor as his interest may appear."

Pursuant to this provision, plaintiff and Fontaine conferred with a Mr. Medvidofsky, an insurance agent for Vermont Mutual Fire Insurance Co., relative to a policy on the stock in trade. The Trial Court found that the agent Medvidofsky was told of the sale and was told that the parties wanted the plaintiff named in the policies to the total amount of the obligation. He was not told that plaintiff held a mortgage on the merchandise nor did he inquire, but assumed that there was a mortgage. Medvidofsky wrote some of the coverage with Vermont Mutual but placed the balance with the other defendant companies through other agents.

In all the policies, Fontaine was named as insured and the plaintiff's name appears, not as payee, but under the so-called mortgage clause. In some of the policies he was described as mortgagee. The policies were sent to Fontaine who delivered them to plaintiff who did not read them other than to satisfy himself that his name was on them. All of the policies were renewed before the fire except one which was written by another insurer.

After execution of the note, but before the property was destroyed by fire on December 22, 1965, Fontaine incorporated the business and transferred title in the merchandise to the corporation without the plaintiff's knowledge.

All payments due on the note and lease before the fire had been paid by Fontaine or the corporation, as had all the premiums on the insurance policies.

The Trial Court found that Fontaine clearly intended to

secure the "insurance so as to provide full coverage for the indebtedness evidenced by the note for the benefit of the plaintiff, without reservation" and that Medvidofsky innocently but by mistake undertook to put plaintiff's name in the "Mortgage Clause." He also found that plaintiff and Fontaine justifiably relied on the "defendant companies' agent" to provide coverage in accordance with their agreement. These findings are supported by the evidence.

After the fire, the corporation and Fontaine filed in bankruptcy, and the trustee in bankruptcy for the corporation intervened in these proceedings.

It cannot seriously be questioned but that the newly-formed corporation took the merchandise with full knowledge of, and subject to, all rights which plaintiff had in the merchandise, which were unaffected by the transfer of legal title to the corporation.

We hold that both Fontaine and the plaintiff had an insurable interest in the merchandise at the time of the fire. It is basic law that a person has an insurable interest even though he has no title, possession, or right to possession, provided he will derive benefit from its continued existence or will suffer loss by its destruction. *Clark* v. *Insurance Co.,* 87 N. H. 353; *Daeris Co.* v. *Hartford Fire Ins. Co.,* 105 N. H. 117. See 29 Am. Jur., Insurance, *s.* 438. Fontaine as the major stockholder in the corporation met this test. *Travelers Indemnity Co.* v. *Israel,* 354 F. 2d 488 (2d Cir. 1965); *American Indemnity Co.* v. *So. Missionary College,* 195 Tenn. 513. See 44 C.J.S., Insurance, *s.* 182 n. 90. 4 Appleman, Insurance Law and Practice, *s.* 2145.

Plaintiff also met the test on at least two grounds. First, as between him and Fontaine, he had a right to repossess the stock in trade in the event of default. The fact that under RSA ch. 382-A or otherwise he had no security interest which would be valid against attaching creditors or bona fide purchasers not having knowledge of the agreement does not in any way affect his right as against Fontaine. The rights of these parties became fixed at the time of the loss, *Lampesis* v. *Travelers Ins. Co.,* 101 N. H. 323, 326, and at that time there were no creditors having attachments on the property. The fact that plaintiff's interest was subject to being defeated does not prevent him from having an insurable interst.

Secondly, as one who had furnished the stock in trade relying

upon the success of the business for his payment, the plaintiff had an insurable interest in the property. *Hecker* v. *Commercial State Bank,* 35 N.D. 12; *Francois* v. *Automobile Insurance Company*, 349 Pa. 360. See 44 C.J.S., Insurance, *s.* 185. He stood to gain from its continued existence and to suffer loss from its destruction.

Since plaintiff and Fontaine each had an insurable interest in the property, the defendant insurance companies must pay the loss to one or the other, or both. It was not necessary that the extent of the interest of each one be shown in the policy. *Hoyt* v. *Insurance Co.,* 92 N. H. 242. The appearance of plaintiff's name on the policy gives clear indication that it was intended that some interest of his in the property was to be insured. Although his name appears in the mortgage clause in all the policies, there is no description of his interest in the original Vermont Mutual or the Rockland Mutual policies. The other three carried the description "First Mortgagee." All the renewal policies described him as "First Mortgagee" except the Hartford which contains no description of his interest. Since plaintiff's name did appear on all the policies, the plaintiff and Fontaine not being versed in "the nice distinctions of insurance law" could reasonably assume that plaintiff's interest was covered in accordance with their agreement. *Hoyt* v. *Insurance Co., supra,* 244. It should make no material difference to the defendant companies whether plaintiff had an actual mortgage so long as he had an insurable interest. The fact that the defendants erroneously described his interest by mistake should not affect his right to recover on the basis of his actual interest.

The defendant insurance companies contend that the Trial Court erred in decreeing reformation because there was no evidence from which mutual mistake could be found. However, we hold that the evidence amply supports the finding that by their agreement Bergeron and Fontaine "clearly intended to secure insurance so as to provide full coverage for the indebtedness . . . for the benefit of the plaintiff, without reservation" and that this was made known to Medvidofsky and that he by mistake inserted plaintiff's name in the "mortgage clause." While Medvidofsky was agent only for the Vermont Mutual, he acted as broker for the other insurance. His knowledge at the time the policies were issued is charged to the companies for which he acted. RSA 405:43. See *Lumbermens Casualty Co.* v. *Stamell*

*Constr. Co.,* 105 N. H. 28, 33. Moreover since the defendant insurance companies are required to pay either plaintiff or Fontaine, or both, they really have no interest which would be affected by the reformation sought. The real parties in interest as to reformation are plaintiff and Fontaine. The interest of the trustee in bankruptcy is not such as to prevent reformation. No issues concerning the relative rights of the trustee, the plaintiff, and the defendant Fontaine in the insurance proceeds have been determined in the Trial Court or argued before us, and we express no opinion with respect thereto.

That part of the Trial Court's decree referring to "loss on building items" was evidently in error and the decree should be modified to reflect the agreement contained in the lease.

*Exceptions overruled; remanded.*

All concurred.