Strafford
No. 7935

GEORGE POLIQUIN

v.

DESOTO KERNS COMPANY
ALLSTATE INSURANCE COMPANY
AND
COMMISSIONER OF LABOR

May 17, 1978

*Fisher, Parsons, Moran & Temple,* of Dover (*Edward T. Clancy* orally), for the plaintiff.

*Augustine J. McDonough P.A.,* of Manchester (*John Shea* orally), for the defendant DeSoto Kerns Company.

LAMPRON, J.    This is an action to recover workmen's compensation benefits under RSA ch. 281. The plaintiff appealed to the superior court under RSA 281:37 (Supp. 1975) from a decision of the labor commissioner that he was not covered by RSA ch. 281. After a hearing, the Trial Court (*Mullavey,* J.) made findings and rulings and dismissed plaintiff's appeal. Plaintiff's exception to the court's ruling was reserved and transferred. For the reasons indicated hereinafter we uphold the dismissal of plaintiff's appeal.

The defendant DeSoto Kerns Company operated twenty-five furniture plants throughout the United States and had its main office in

Oregon. The plaintiff was hired in December 1968, to work in the defendant's Dover, New Hampshire, plant as a furniture assembler. In July 1973, the plaintiff was transferred at his request to the defendant's California plant. The California plant was closed in May 1974, and the plaintiff was transferred to the defendant's Texas plant. The plaintiff suffered an injury on October 3, 1974, while working as a foreman in the Texas plant. There is no question that the injury arose out of and in the course of the plaintiff's employment. The plaintiff thereafter returned to New Hampshire and sought benefits under RSA 281:13. The issue on this appeal is whether plaintiff can recover thereunder.

RSA 281:13 read in part as follows:

> Injuries Outside the State. If an employee is injured while employed elsewhere than in this state, so that he or his dependents would be entitled to compensation if he had been injured in this state, such employee . . . upon releasing the employer from all liability under any other law shall be entitled to compensation if the contract of employment was made in this state and if the employer is engaged in business in this state; provided, however, that such employee's contract of employment was not expressly for service exclusively outside of this state; and provided further that recovery of damages in an action at law or compensation under the law of any other state shall bar recovery of compensation under the laws of this state.

Plaintiff maintains that he is entitled to compensation because his employment contract was made within this State. Furthermore his contract did not contemplate that his services were to be performed exclusively outside New Hampshire. He further maintains that his subsequent transfers to California and to Texas did not affect his status.

Most States have statutes on foreign injuries similar to RSA 281:13. A. Larson, Workmen's Compensation § 87.10 (Desk ed. 1978). "One of the principal arguments in favor of construing compensation statutes as having extraterritorial operation is that such operation is necessary for the accomplishment of the primary objects and purposes of such legislation to charge the cost of personal injuries sustained in industrial accidents upon the industry itself, and to secure prompt payment of compensation for such injuries by a simple and inexpensive method of procedure." 81 Am. Jur. 2d *Workmen's Compensation* § 38 (1976).

■ The making of the contract within the State is usually deemed to create the relation within the State. The relation, having thus achieved a situs, retains that situs until something happens that shows clearly a transference of the relation to another State. This transfer is usually held to occur when either a new contract is made in a foreign State, or the employee acquires in the foreign State a fixed and nontemporary employment situs. A. Larson, Workmen's Compensation § 87.40 (Desk ed. 1978).

Plaintiff worked for the defendant in Dover from 1968 to July 1973. He testified that about two months previous to July 1973, a coworker went to work in defendant's plant in California. Plaintiff "wanted to go out there," which he did. The company did not pay for his transportation, but merely continued his pay while he was traveling. He moved to California with his wife and children, bought a home there, and his children attended school in California. His address for income tax purposes was his California residence. Payroll checks were processed at company headquarters in Pendleton, Oregon.

The California plant closed in May 1974, and plaintiff transferred to defendant's plant in Texas. Unlike the change to California, the company paid for his moving expenses and the closing costs for the home plaintiff purchased in Texas. Plaintiff was working at the Texas plant when he was injured on October 3, 1974. He received compensation under the Texas workmen's compensation law. He moved back to Dover because "my wife was homesick, and I was homesick, and I was disabled."

■ We agree with the findings and rulings of the trial court that plaintiff's employment in Texas was so unrelated and remote from the employer-employee relationship which arose in New Hampshire that RSA 281:13 was not intended to provide coverage for the Texas injury. *See Nashko v. Standard Water Proofing Company*, 4 N.Y.2d 199, 149 N.E.2d 859, 173 N.Y.S.2d 565 (1958); *Simonton v. Dept. of Industry, Lab. & Hum. Rel.*, 62 Wis. 2d 112, 214 N.W.2d 302 (1974).

*Exceptions overruled.*

All concurred.