Belknap
No. 81-003

GEORGE J. RIOUX

v.

GEORGE J. RIOUX, d/b/a FLEA MARKET
AND
LUMBERMAN'S MUTUAL CASUALTY COMPANY

November 20, 1981

*Snierson, Chandler & McKean*, of Laconia (*Edgar D. McKean, III*, on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Molly S. Mugler* on the brief and orally), for the defendants.

KING, C.J. This case presents the question of whether the trial court erred in concluding that the defendant Lumberman's Mutual Casualty Company was not liable for coverage of the plaintiff's work-related injury. Finding no error, we affirm.

In January 1974, the plaintiff, George J. Rioux, opened an antique store known as "Flea Market Antiques" at the Weirs in Laconia, New Hampshire. At that time, the plaintiff applied for workmen's compensation insurance coverage for his business. On the application form, he listed only the Weirs address under "location of all work places" and answered in the negative to the form question "Do you operate in other states?" Before completing the application, the plaintiff asked the insurance broker whether his buying trips to other locations would be covered by the policy. The broker answered that trips *incidental* to his antique business would be covered.

In the autumn of 1975, the plaintiff closed his place of business in New Hampshire and left for Florida for six months. During his time in Florida, he maintained a warehouse there in his daughter's garage. On March 26, 1976, after approximately five months in Florida, the plaintiff injured his back in Florida while unloading from his automobile glassware he had bought in Florida. The Master (*Robert A. Carignan*, Esq.) found that the plaintiff was in the process of selling merchandise at the time of the injury.

The plaintiff brought a claim for benefits under his workmen's compensation insurance policy before the labor commissioner in early 1978. After the plaintiff's request was denied, he appealed to the Belknap County Superior Court. The master concluded that no coverage for the plaintiff's injury was available under his workmen's compensation policy. The master's order was approved by the Superior Court (*Cann*, J.) in October 1980, and the plaintiff appealed to this court.

The master found that the plaintiff's activities in Florida were not sufficiently related to his New Hampshire business to afford him coverage under his insurance policy. Additionally, the master concluded that the plaintiff carried on a separate business in Florida. Because the plaintiff had a work place in Florida, the master stated that he had an obligation to disclose that information to the insurance carrier. Without such a disclosure, he "could not *reasonably* have expected that the policy would cover his business activity exclusively outside of the State of New Hampshire (RSA 281:13)." We agree.

■ The question of whether the plaintiff was operating a business in Florida unrelated to his business in New Hampshire is a factual question, and the answer depends on the testimony and credibility of the witnesses at trial. We conclude that there was sufficient evidence at trial to support the master's findings. *See Merchants National Bank of Manchester v. Town of Exeter*, 120 N.H. 157, 160, 412 A.2d 1016, 1017 (1980); *Hynes v. Whitehouse*, 120 N.H. 417, 420, 415 A.2d 876, 878 (1980).

■ The plaintiff argues that RSA 405:43 requires that the insurance broker's knowledge be imputed to the carrier. We agree. *See Bergeron v. Fontaine*, 109 N.H. 370, 373, 256 A.2d 656, 659 (1969). In this case, however, the only information received by the broker was that the plaintiff intended to make trips *incidental* to his New Hampshire business. The master found, and we agree, that the plaintiff's trips to Florida were not incidental to his New Hampshire business, but rather were related to activities at a separate work place.

■ Finally, the plaintiff relies on RSA 281:13 which states that:

> "If an employee is injured while employed elsewhere than in this State . . . such employee . . . shall be entitled to compensation if the contract of employment was made in this state and if the employer is engaged in business in this state; provided, however, that such employee's contract of employment was not expressly for service exclusively outside of this state . . . ."

In *Poliquin v. DeSoto Kerns Co.*, 118 N.H. 371, 386 A.2d 1287 (1978), this court held that even if an employment contract is made in New Hampshire, and at the time of the contract the parties did not intend to perform services exclusively outside the State, no coverage is available if the employment outside the State is unrelated to and remote from the employment in New Hampshire. *Id.* at 372–73, 386 A.2d at 1288–89. In this case, the master found that the plaintiff's employment was so unrelated to and remote from his New Hampshire business that no coverage was available under his workmen's compensation insurance. We agree.

■ Having determined that the plaintiff has no statutory right of recovery, we must examine the language of the insurance policy. The application for insurance stated that "[t]his application is for *such state [New Hampshire] only;* if coverage is desired in additional states the employer should consult the insurance company." The policy provided that coverage extended only to injuries "sus-

tained . . . by the insured either in operations in a state designated . . . or in operations necessary or incidental thereto . . . ." Even interpreting the insurance policy in the light most favorable to the insured, *Robbins Auto Parts, Inc. v. Granite State Insurance Company*, 121 N.H. 760, 762, 435 A.2d 507, 509 (1981), we conclude that coverage does not extend to injuries sustained outside of New Hampshire while the claimant was engaged in activities not incidental to New Hampshire employment.

For the foregoing reasons, we affirm the trial court's decision to deny workmen's compensation insurance coverage to the plaintiff.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.