Doyle, Adm. v. Hoyle Ins.          CV-94-244-SD 12/09/97
                UNITED STATES DISTRICT COURT FOR THE

                   DISTRICT OF NEW HAMPSHIRE


David Doyle, Administrator of the
 Estate of Diana F. Doyle

_____v.                              Civil No. 94-244-SD

Wayne F. Hoyle;
Hoyle Insurance Agency


                        O R D E R


     In this diversity action, plaintiff David Doyle[1] seeks to
recover in tort and contract for damage sustained as a result of
defendants' failure to obtain fire loss and liability insurance
for plaintiff's New Hampshire property.  Presently before the
court is a motion for summary judgment filed by defendants Wayne
F. Hoyle (Hoyle) and Hoyle Insurance Agency.  Defendants contend
that Doyle had no standing in her individual capacity or as
trustee of the DDN Realty Trust to assert rights under a
temporary insurance binder issued by Hoyle.  Defendants also seek
summary judgment on plaintiff's tort claims based on the
contention that because Doyle failed to notify the defendants
that she

————————————————

     David Doyle is the representative of the estate of the
original plaintiff Diana Doyle, who brought the present action in
her individual capacity and as trustee of the DDN Realty Trust.
Hereinafter, all references to Doyle refer to Diana Doyle.

had transferred all of her ownership interest in the property in question, she cannot show that Hoyle's alleged wrongful acts or omissions damaged her.

## Background

This case centers around Doyle's attempts to insure two buildings located in Littleton, New Hampshire. In November 1992 Donald McStay, an acquaintance of Doyle, began negotiating with the Federal Deposit Insurance Corporation (FDIC) to purchase the two buildings, which were located at 60-64 Union Street. At some time after beginning the negotiations, McStay approached David and Diana Doyle with the suggestion that they invest in the property. In exchange for a share of the profits, McStay agreed to manage the property, and thus took responsibility for procuring insurance. At approximately the same time, McStay contacted Wayne Hoyle of Hoyle Insurance about insuring the property.

On December 29, 1992, FDIC transferred the property to Diana Doyle in exchange for $75,000 cash. On the same day, Hoyle issued a temporary insurance binder that proposed to cover the building and contents. The binder did not list an insurer in the space provided under the heading "company," but did include a code that referred to the Insurance Company of North America

2

(INA), a CIGNA company. The binder indicated December 29, 1992, as the effective date, and stated that it would expire the following December 29, 1993. On October 8, 1993, Doyle transferred the Union Street property from herself in her individual capacity to herself as trustee of the DDN Realty Trust. The beneficiary of the newly created trust was the DDN corporation, of which Doyle was the president and stockholder. Doyle did not inform Hoyle of the change in title.

Shortly after issuing the binder, Hoyle submitted an application for a "package policy" to cover Doyle's property to CIGNA in Philadelphia. The Philadelphia CIGNA office informed Hoyle that because of the size of the risk he should submit the application to a different CIGNA office in North Carolina. In February of 1993, Hoyle prepared a "small commercial account" application for the Union Street property and another property Doyle owned in New Hampshire. The North Carolina CIGNA office rejected coverage.

Hoyle claims to have sent a letter dated April 26, 1993, informing McStay that CIGNA had refused to provide coverage for the property. McStay, however, claims he never received the letter and was unaware of the rejection of coverage. Hoyle and McStay also dispute whether Hoyle informed McStay by telephone of the refusal of coverage.

3

After CIGNA's rejection, Hoyle contacted other sources in an attempt to obtain coverage for the property. In response to his inquiries, Hoyle obtained a written quote for the Doyle properties from Agency Intermediaries on November 23, 1993. The quote identified the insurer as General Star Indemnity Insurance and the insured as Diana Doyle. During a conversation, Hoyle provided this quote to McStay, but also told McStay he could get a better price.

Hoyle also claims to have sent a letter to McStay on November 24, 1993, discussing the premium quote from General Star and enclosing an affidavit required by General Star. The affidavit indicated that CIGNA had refused to provide coverage for the property. McStay, however, denies receiving the letter and enclosure.

On February 9, 1994, a fire destroyed the 64 Union Street building. Early the following morning, McStay called Hoyle and left notice of the loss. Later, Doyle also notified Hoyle of the fire by letter dated February 12, 1994.

After learning of the fire loss, Hoyle advised Woodsville Guarantee Bank, which held a mortgage on the property, that a premium notice was mailed to the plaintiff via McStay on November 24, 1993. Hoyle also informed the bank that the insurance company had canceled the policy on January 28, 1994,

**4**

for nonpayment of the premium.  McStay and Doyle deny receiving the premium notice or any notice of cancellation.

In May 1994 Doyle filed a complaint against Hoyle in this court.  Doyle's complaint asserted claims for violation of the Massachusetts Unfair and Deceptive Practices Act (Count I); negligence (Count II); breach of contract (Count III); breach of express warranty (Count IV); and intentional and negligent misrepresentation (Counts V and VI).  On May 22, 1995, Doyle filed an amended complaint which asserted breach of contract and warranty claims against INA.

On January 15, 1997, the court granted INA's motion for summary judgment based on the ground that Doyle could not recover under the binder because she lacked standing to assert rights under the binder.  The court's decision was based on the premise that Doyle could not assert rights on behalf of the trust because she, as trustee, could not acquire the rights afforded by the policy without the written consent of the insurer.  The court also found that Doyle could not recover in her individual capacity because she did not have an insurable interest in the trust.

Discussion

I. Standard for Summary Judgment

The entry of summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Because the purpose of summary judgment is issue finding, not issue determination, the court's function at this stage "'is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Stone & Michaud Ins., Inc. v. Bank Five for Sav., 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Although "motions for summary judgment must be decided on the record as it stands, not on litigants' visions of what the facts might some day reveal," Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994), the court must scrutinize the entire record in the light most favorable to the non-movant, with all reasonable inferences resolved in that party's favor. Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994), cert. denied, 514 U.S. 1108 (1995); see also Woods v. Friction Materials, Inc., 30 F.3d 255, 259 (1st Cir. 1994).

"In general, . . . a party seeking summary judgment [must] make a preliminary showing that no genuine issue of material fact exists.  Once the movant has made this showing, the non-movant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir.) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)), cert. denied, 515 U.S. 1103 (1995).

When a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial," there can no longer be a genuine issue of material fact. Celotex Corp., supra, 477 U.S. at 322-23.  The failure of proof as to an essential element necessarily renders all other facts immaterial, and the moving party is entitled to judgment as a matter of law.  See id.

## II. Choice of Law

Doyle argues that the issues presented by the present motion for summary judgment are governed by Massachusetts law.  The court, however, has previously held that New Hampshire law governs the claims relating to the existence of an insurance contract.  This holding is in accordance with the New Hampshire

7

choice-of-law doctrine, which provides that the location of the insured risk supplies the governing law. See Green Mountain Ins. Co. v. George, 138 N.H. 10, 13, 634 A.2d 1011, 1013 (1993). This ruling is the law of the case and is not open for reargument.

III. Plaintiff's Rights Under the Insurance Binder

Defendants ask the court to grant summary judgment on Doyle's breach of contract claim on the ground that Doyle, both individually and as trustee of the DDN Realty Trust, lacks standing to assert rights under the December 1992 binder. Defendants argue that when Doyle transferred the property from herself as an individual to herself as trustee she lost an insurable interest in the property, which is universally recognized as a prerequisite to a valid insurance contract. See 4 JOHN ALAN APPLEMAN & JEAN APPLEMAN, INSURANCE LAW AND PRACTICE § 2121 (1969). Further, defendants argue that lack of an insurable interest precludes finding a causal connection between defendants' alleged negligence and plaintiff's injury. Defendants state that because Hoyle did not know the property was owned by the trust, any insurance he obtained would have been invalid because it would have listed Doyle, who, defendants claim, does not have an insurable interest, as the insured.

"It is well-established law that title to the property is

**8**

not essential to create an insurable interest." <u>Daeris, Inc. v. Hartford Fire Ins. Co.</u>, 105 N.H. 117, 119, 193 A.2d 886, 888 (1963); <u>see also</u> <u>Magulas v. Travelers Ins. Co.</u>, 114 N.H. 704, 707, 327 A.2d 608, 610 (1974); <u>Bergeron v. Fontaine</u>, 109 N.H. 370, 372, 256 A.2d 656, 658 (1969). An individual has an insurable interest if he or she has a pecuniary interest in the property. <u>See</u> <u>Bergeron</u>, <u>supra</u>, 109 N.H. at 372, 256 A.2d at 658. Thus the New Hampshire Supreme Court has held that a major stockholder has an insurable interest in the assets of the corporation. <u>Id.</u> In this case, because Doyle was a major stockholder in the DDN corporation, the court finds she had an insurable interest in the property.[2]

---

[2]The court, however, remains convinced of the correctness of its earlier holding that plaintiff cannot assert rights under the binder as trustee of the DDN trust. "Fire policies are not contracts in rem, but are personal contracts providing indemnity for loss to an insurable interest, and which are available only to persons possessing a definite interest. It is not, therefore, to be considered insurance on the property itself, nor does it run with the property when transferred." APPLEMAN, <u>supra</u>, § 2105. The "insurer has the right to choose the person to whom it is willing to issue a policy." <u>Id.</u> In this case, defendant had no knowledge of the trust's existence and therefore cannot be said to have contracted with plaintiff for the benefit of the trust.

The only way the trust could have acquired enforceable rights under the binder would have been through a valid assignment of the policy. However, such assignment without the written consent of the insurer voids the policy. <u>See</u> New Hampshire Revised Statutes Annotated (RSA) 407:22 (1991) (providing standard fire insurance policy). In this case, Doyle acknowledged that she did not seek consent from the insurer.

Furthermore, Doyle's position as trustee did not give her an insurable interest in her individual capacity. Although a trustee may obtain insurance to cover the trust property, "the

9

The court acknowledges the somewhat anomalous result created by today's ruling. However, the January 15 order must stand. When faced with a motion for summary judgment, the non-movant must make a showing sufficient to establish the elements essential to that party's case on which that party bears the burden of proof. See Celotex, supra, 477 U.S. at 322-23. In this case, although Doyle's complaint alleged that she was the beneficiary of the trust, INA supported its motion for summary judgment with evidence that DDN corporation was the sole beneficiary of the trust. Accordingly, the burden shifted to plaintiff to point to evidence that Doyle maintained an insurable interest in the property. See Banco Commercial de Puerto Rico v. Royal Exchange Assur. Corp., 71 F.2d 933, 934 (1st Cir. 1934) ("plaintiff, having failed to show . . . an insurable interest in the insured goods, is not entitled to recover"). Plaintiff failed to meet this burden. When faced with the earlier motion for summary judgment, plaintiff failed to inform the court that Doyle held stock in the DDN corporation or to present any argument to counter the proposition that she had no insurable interest. Indeed, plaintiff's only counter to INA's contention

---

custodian of the property must apply for the insurance in the name of the true owner or in his name as . . . trustee . . . of the true owner; and . . . there must be a full disclosure to the insurer of the condition of the title." National Security Fire and Casualty Ins. Co. v. Brannon, 253 So. 2d 777, 781 (Ala. Civ. App. 1971).

that Doyle had no rights under the binder was to argue that New Hampshire law did not apply to the case. Thus the court was required to grant INA's motion for summary judgment. Had plaintiff pointed to evidence showing that Doyle was a major stockholder in the DDN corporation the result would have been different.

## Conclusion

For the abovementioned reasons, the motion of defendants Hoyle and Hoyle Insurance Inc. (document 87) is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

December 9, 1997

cc:    Anthony L. Introcaso, Esq.
       Edward P. O'Leary, Esq.
       Edward M. Van Dorn, Jr., Esq.