Hillsborough,
No. 4238.

MERCHANTS MUTUAL CASUALTY CO. *v.* ROGER W. TUTTLE & *a.*

Argued November 3, 1953.

Decided November 30, 1953.

*Devine & Millimet* (*Mr. Millimet* orally), for the plaintiff.

*Burns, Calderwood & Bryant* and *Robert E. Hinchey* (*Mr. Hinchey* orally), for the defendant Lumbermens Mutual Casualty Company.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Louis E. Wyman* orally), for the defendant Roger W. Tuttle.

*Sullivan & Gregg* and *S. Robert Winer* (*Mr. Winer* orally), for the defendant Alma A. Daly.

LAMPRON, J. The question of whether the administratrix of the estate of Ferguson can maintain an action of tort for negligence against his fellow employee Tuttle, after having received workmen's compensation for such injuries was raised in the proceedings in the Superior Court and was apparently transferred to this court by the reserved case. Although Merchants raises some question as to whether that issue should be considered at this time "all the facts are before the court and justice and convenience seem to require that this phase of the case be disposed of at this time." *Farm Bureau Ins. Co.* v. *Manson*, 94 N. H. 389, 391, 392.

Laws 1947, *c.* 266, *s.* 12, provides that "When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee, in addition to the benefits of this chapter, may obtain damages from or proceed at law against such other person to recover damages . . . . " It is true that some courts have interpreted similar statutes to grant immunity from common law action not only to employers but also to co-employees in the same employment (*Caira* v. *Caira*, 296 Mass. 448; *Murphy* v. *Miettinen*, 317 Mass. 633) and in some instances to all persons subject to the compensation system. 2 Larson's Workmen's Compensation Law 181. In our opinion such an interpretation would distort the meaning of "in some person other than the employer" as used by the Legislature in our Law. In effect it amounts to saying that employer means employee. *Id.*, 178. The statute does not say this (*s.* 2 I) and a majority of the courts have held otherwise. *Id.*, 171; 58 Am. Jur. 616. Acceptance of compensation has not barred an action at law for negligence on behalf of Ferguson against his fellow employee Tuttle to recover damages for the same injuries. See *Stacy* v. *Company*, 83 N. H. 281; *Holland* v. *Company*, 83 N. H. 482, 485; *McCullough* v. *Company*, 90 N. H. 409, 412.

The truck involved in the accident was owned by Theodore G. Caughey. He had used it to drive to work at the Souhegan Mills for about a year. It was kept in the mill yard during the day. The mill had no truck and it was a convenience for it to use Caughey's truck to clean up the yard. "Q. You told them anytime

they wanted to use that truck as a convenience to them, you were willing for them to use it, didn't you? A. Almost like that. I don't know whether it was as formal as that. It was more or less of a practice rather than a formal permission." Sometimes it would be used "a couple of times in one day or it might be a couple of months before they used it again." He never made any objection to anybody using the truck. It was being used to clean the yard at the time of the accident. The Court's finding that the truck was then being operated "with the permission, either express or implied, of the owner Caughey" was amply warranted by the evidence.

Consequently as regards the minimum limits of liability provided for in R. L., c. 122, s. 1 VII, Caughey's conduct in giving notice of the accident to his insurer, Lumbermens, has no legal effect in this particular proceeding. This was the interpretation placed by our court on Laws 1937, c. 161, s. 17 III, the predecessor of the present R. L., c. 122, s. 16 III (Laws 1941, c. 198, s. 1). *Merchants &c. Co.* v. *Egan,* 91 N. H. 368, 370; *Continental Ins. Co.* v. *Charest,* 91 N. H. 378, 380. This would be true *a fortiori* under the latter statute as interpreted by our court in *Phoenix Ind. Co.* v. *Conwell,* 94 N. H. 146. For reasons which appear later in the opinion there is no need to consider at this point its legal significance on the limits of liability in excess of the statutory minimum. *Continental Ins. Co.* v. *Charest, supra,* 379.

We turn next to the legal effect of paragraph III of Lumbermens policy entitled "Definition of Insured." It provides that "The insurance with respect to any person or organization other than the named insured does not apply: . . . (b) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."

It is our opinion that as to the minimum limits of liability required by R. L., c. 122, s. 1 VII, the above provision of the policy is ineffective to defeat or avoid coverage insofar as the injured person is concerned. This policy had attached to it a "New Hampshire Statutory Motor Vehicle Liability Policy Endorsement" in which it was agreed "that the policy as amended by this endorsement is a Motor Vehicle Liability Policy as defined in Chapter 122, Revised Laws of the State of New Hampshire as amended, and all policy provisions required by said chapter are hereby expressly incorporated in the policy by reference." A "Motor

Vehicle Liability Policy" is defined in R. L., c. 122, s. 1 VII, as "a policy . . . which provides: (a) indemnity for or protection to the insured and any person responsible to him for the operation of the insured's motor vehicle . . . against loss by reason of the liability to pay damages to others for . . . bodily injury, including death at any time resulting therefrom, accidentally sustained . . . *by any person other than the insured, or employees ,of the insured actually operating the motor vehicle or of such other person responsible as aforesaid* who are entitled to payments or benefits under the provisions of any workmen's compensation act. . . ." (Emphasis supplied). We think that when the Legislature amended Laws 1937, c. 161, s. 17 III by the adoption of Laws 1941, c. 198 (now R. L., c. 122, s. 16 III) it intended that insofar as the injured party is concerned with respect to accidents which occur within this state and subject to the minimum limits of liability required by paragraph VII of section 1 of said R. L., c. 122, the insurer could not avoid liability for any coverage described in said paragraph VII by any exclusion, condition or other terms or language contained in the policy unless it is expressly permitted by said paragraph or by paragraph VI of section 16 of said chapter 122. *Phoenix Ind. Co.* v. *Conwell, supra; Hardware Mutual Cas. Co.* v. *Tobyne,* 98 N. H. 318; *Employers Liability &c. Corp.* v. *Roux,* 98 N. H. 309; *Shelby &c. Co.* v. *Lynch,* 89 N. H. 510, and related cases relied on by Lumbermens decided under prior and different statutes are not controlling since the 1941 amendment.

We consider now the construction of the statutory words "or employees of the insured actually operating the motor vehicle or of such other person responsible aforesaid who are entitled to payments . . . under . . . any workmen's compensation act." In so doing we have in mind that the purpose of the Financial Responsibility Act was to provide compensation for innocent persons who might be injured through faulty operation of motor vehicles and also that the protection required by the Act is not without limits. *Hardware Mutual Cas. Co.* v. *Tobyne, supra.* Although the language is somewhat ambiguous it seems to us that the claimant employee intended to be excluded thereby by the Legislature must meet two requirements; viz; he must be actually operating the motor vehicle and he must be entitled to workmen's compensation benefits. We see no intention in the Act to make any distinction in this respect between employees of the insured or "of such other person responsible aforesaid."

As to the excess over the minimum statutory limits of coverage required by paragraph VII, section 1 of R. L., c. 122, said section III paragraph (b) of the Lumbermens policy set out above effectively excludes coverage. Ferguson and Tuttle were both employees of the Souhegan Mills. Ferguson was injured "in the course of [his] employment in an accident arising out of the maintenance or use of the automobile in the business of such employer." Because of this exclusion the question of notice by the assured becomes immaterial.

Lumbermens argues that its coverage under the Financial Responsibility Act should be prorated with the coverage under the Merchants' policy. The latter was issued to Tuttle on a 1949 Ford. It had a statutory endorsement covering the insured with respect to the operation of any other motor vehicle by such named insured providing that the insurance afforded thereby "applies only if no other valid and collectible insurance is available to such named insured." Lumbermens says this phrase should be interpreted to mean "insurance provided by the terms of a policy" and it should not apply to insurance provided only because of the requirements of the Financial Responsibility Act. We see no such intention on the part of the Legislature. This limitation being permitted by the Act there is no statutory coverage imposed on the Merchants by the endorsement. *Davy* v. *Merchants &c. Cas. Co.*, 97 N. H. 236. In that case the terms of its policy become controlling. *Employers Liability Ass. Corp.* v. *Roux, supra*. Under clause V "Use of Other Automobiles" it provides that the insuring agreement does not apply " (2) to any automobile while used in the business or occupation of the named insured or spouse except a private passenger automobile operated or occupied by such named insured, spouse, chauffeur or servant." The motor vehicle involved here was a truck used in the occupation of the named insured Tuttle and hence no coverage was provided by the Merchants' policy.

A judgment should be entered that the plaintiff is under no obligation to defend or indemnify the defendant Tuttle with respect to the claims presented by the pending action and that the defendant Lumbermens is required to defend and indemnify the defendant Tuttle up to the required minimum statutory limits, but not beyond them.

*Case discharged.*

All concurred.