Strafford
No. 7930

WAYNE STEVENS

v.

RICHARD LEWIS

May 17, 1978

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*Paul R. Cox* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*Theodore Wadleigh* orally), for the defendant.

DOUGLAS, J.  This case involved another facet of our rule that permits an injured employee who has collected workmen's compensation to maintain a third party action against a fellow employee. *See generally Vittum v. New Hampshire Ins. Co.,* 117 N.H. 1, 369 A.2d 184 (1977); *Merchants Mut. Cas. Co. v. Tuttle,* 98 N.H. 349, 101 A.2d 262 (1953).

The defendant before the bar is the president, treasurer, and sole stockholder and a director of the Park Manufacturing Company, a Massachusetts corporation engaged in producing shoe components. In April 1970, that corporation employed the plaintiff on the evening shift to operate a power press known as a "dinker." On his fifth day of work for the company, the die on the machine that the plaintiff was operating became stuck in the cutting board and in trying to dislodge the die, his foot slipped. The machine was activated accidentally with the plaintiff's left hand under the die. He suffered serious injuries resulting in a partial amputation of the hand.

The plaintiff's theory of recovery is that the defendant, being responsible for safety in the plant, breached his duty to provide the plaintiff with a safe place for work in not modifying a dangerous machine by installing proper guards that were known and available at the time of the accident. He relies heavily on a voluntary industry safety standard. The defendant, in addition to denying breach at trial, argues that RSA 281:12 bars the plaintiff's action because the defendant was an alter ego of the corporation, which employed the plaintiff, and the defendant's duty was a corporate responsibility. A jury trial resulted in a verdict for the plaintiff in the amount of $85,000. The defendant's exception relating to the bar of RSA 281:12 is the only question transferred by *Goode,* J.

As the defendant has noted, New Hampshire is one of only fourteen States that permit employees covered by workmen's compensation to maintain common law tort actions against fellow employees. We did this as a matter of statutory interpretation in *Tuttle* and have adhered to that rule consistently. *See Vittum v. New Hamp-*

*shire Ins. Co.*, 117 N.H. at 5, 369 A.2d at 187. "[E]ven 'a person who is a corporate officer, director, stockholder, or all three can still be treated merely as a co-employee for purposes of being held accountable in a damage suit. . . .' " *Id. See also Liberty Mut. Ins. Co. v. Home Ins. Indemn. Co.*, 116 N.H. 12, 15, 351 A.2d 891 (1976).

However, as we implicitly recognized in *Vittum*, there is a narrow class of persons who are alter egos of their corporations. These persons incorporate to obtain the legitimate advantages of doing business in corporate form, *e.g.*, primarily limited liability and tax savings. The corporate alter ego's income usually does not derive from his ownership of the corporation's stock. Very few such people incorporate and then rely on their dividends to provide their day-to-day income. Since their business provides their sole, or at least their primary, source of income, they become employed by their corporation, usually as one or more of its high officers. They derive their income from the salary they receive.

When such a person incorporates, he has not altered the fundamental nature of his business, merely its form. We believe that this change of form should not vitiate the protection he would derive from RSA 281:12 had he chosen to do business as a sole proprietorship or in partnership. Nevertheless, when the corporate alter ego becomes an employee of his corporation, he assumes the additional role of a fellow employee. As a fellow employee, he then becomes liable for the breach of any duty he owes to his colleagues who are also employed by the corporation. *Vittum v. New Hampshire Ins. Co.*, 117 N.H. at 5, 369 A.2d at 187; *Merchants &c Cas. Co. v. Tuttle*, 98 N.H. at 352, 101 A.2d at 264; *Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 116 N.H. at 14–15, 351 A.2d at 894.

In the case at hand, it was agreed in the pretrial order that the action had "been instituted against a fellow employee, Richard Lewis, who is the sole stockholder of Park Manufacturing Company and was the supervisor of the plant and in charge of implementing safety programs, along with being the president and treasurer. . . ." Thus the question of whether defendant was a fellow employee was not in issue. During trial the defendant testified that he was responsible to ensure a "safe factory" for the workers and would do "whatever was necessary to make the machines safe for the workmen." He agreed the workers had a right to rely upon the fact that he would make the operation safe.

The question of immunity turns on one factor—whether defendant as the corporate alter ego assumed the responsibility of

providing safe machines *personally* as a fellow employee. Which of these functions is being performed at the time is ordinarily a question of fact for the jury. Thus in a trial which contains a dispute over whether a person who is not nominally an employer is immune from suit under RSA 281:12, two questions on this point must be presented to the jury unless the evidence on either question would only support one finding as a matter of law. The jury must determine whether the defendant is the corporate alter ego, a class of persons that is very small in number. *See Vittum v. New Hampshire Ins. Co.*, 117 N.H. at 5, 369 A.2d 187. If the jury finds that he is, it must next determine whether the function he allegedly performed negligently is a responsibility of the corporation or a responsibility of one employee to another. Unless the defendant is both the corporate alter ego and is performing a corporate responsibility, he will derive no immunity from RSA 281:12. Especially is this so in light of New Hampshire's restrictive view of who is an "employer," and therefore exempt from suit. See *LaBonte v. Nat. Gypsum Co.*, 110 N.H. 314, 269 A.2d 634 (1970) and *Ransmeier v. Camp Cody, Inc.*, 117 N.H. 736, 378 A.2d 752 (1977).

The defendant here requested only one instruction that relates to the test we have prescribed above. That instruction assumed that the defendant was the corporate alter ego and focused only on whether the failure to place guards on the machine was an exercise of "executive managerial discretion." The trial judge did not submit the instruction to the jury. We cannot say as a matter of law that this refusal constituted an abuse of discretion. The instruction is inadequate on two grounds: it does not allow the jury to decide if the facts of ownership establish the corporate alter ego identity and it confuses "managerial discretion" with "corporate responsibility." A managerial decision can still be sufficiently the responsibility of one employee to another so that the bar of RSA 281:12 is inapplicable.

Because the defendant did not submit a sufficient instruction on a matter on which he carried the burden of proof, and we cannot say as a matter of law that the defendant is a corporate alter ego who was performing a corporate function, we uphold the judgment of the trial court.

*Exception overruled.*

LAMPRON, J., did not sit; the others concurred.