Strafford
No. 78-217

LORRAINE M. DEPAOLO

v.

SPAULDING FIBRE COMPANY, INC.

DOMINIC J. DEPAOLO

v.

SPAULDING FIBRE COMPANY, INC.

February 14, 1979

*Mullaney & Richardson,* of Rochester (*Stanley J. Mullaney* orally), for the plaintiffs.

*Wiggin & Nourie,* of Manchester (*James W. Donchess* orally), for the defendant.

## MEMORANDUM

This is an appeal from the granting of the defendant's motions to dismiss actions brought by the plaintiffs, an employee and his wife, for injuries caused by a machine manufactured by the defendant. The defendant's exceptions were reserved and transferred by *Mullavey,* J.

On December 21, 1972, the plaintiff employee of the defendant, Spaulding Fibre Company, Inc., suffered an electric shock at the defendant's production plant while operating an allegedly defective heating fabrication machine. For purposes of this motion this machine is assumed to have been designed and manufactured by the defendant and was used solely in its plant as an instrument for its raw material manufacturing process.

■ As a result of the injury, the plaintiff employee received workmen's compensation benefits from his employer's insurance carrier. The present action is brought by the plaintiff employee against his employer to recover for injuries allegedly caused by the employer's negligent design and manufacture of the heating fabrication machine. Although the husband employee relies on a California case that would permit this products liability action against the employer manufacturer, *Douglas v. E. & J. Gallo Winery*, 69 Cal. App. 3d 103, 137 Cal. Rptr. 797 (1977), even that case recognized that there could be no recovery where, as here, the product was not sold to the public. *See Shook v. Jacuzzi*, 59 Cal. App. 3d 978, 129 Cal. Rptr. 496 (1976). The motion to dismiss was properly granted as to the husband employee.

■ The plaintiff wife's action, however, is maintainable because the injury occurred on December 21, 1972, which was prior to the 1973 amendment to RSA 281:12 barring "direct" actions against an employer by a wife for loss of consortium. *See Ahern v. Laconia Country Club, Inc.*, 118 N.H. 623, 392 A.2d 587 (1978).

*Exceptions overruled in part, sustained in part; remanded.*