Richard CUMMINGS

v.

Stanley BOSTWICK; Donald P. Smith;
Clinton B. Fuller.

Civ. No. 79–10–D.

United States District Court,
D. New Hampshire.

Jan. 2, 1980.

John Czeciuk, Cullity & Kelley, Manchester, N.H., for plaintiff.

David H. Bradley, Stebbins & Bradley, Hanover, N.H., for defendant.

## MEMORANDUM OPINION

DEVINE, Chief Judge.

Plaintiff, Richard Cummings, a Vermont resident, allegedly sustained injuries on January 13, 1976, when he fell from a staging in White River Junction, Vermont, while employed by Trumbull-Nelson Construction Co., Inc. ("Trumbull"). On January 11, 1979, he filed the instant diversity action in this court naming three New Hampshire residents as defendants. These defendants are Stanley Bostwick, a Trumbull foreman; Donald Smith, safety engineer, officer, and director of Trumbull; and Clinton Fuller, also an officer and director of Trumbull.[1]

The defendants moved to dismiss,[2] and the matter came before the Court for hearing. The Court has heard oral arguments of counsel, and has examined the pleadings, legal memos, and other documents on file.[3]

At issue here is the application of a statute (Senate Bill 52, Chap. 46, Laws of 1978,

---

1. As to defendant Bostwick, negligence is alleged in his acts with reference to erection of the staging from which the plaintiff allegedly fell. As to defendant Smith, negligence is alleged, in his capacity as safety engineer, in his failure to properly instruct and oversee Bostwick, and in his capacity as an officer and director of Trumbull in his failure to generally supervise its employees. It is likewise alleged that defendant Fuller, as an officer and director of Trumbull, failed to properly supervise such employees.

2. On the day prior to hearing, defendants also moved to certify the legal question at issue to the Supreme Court of New Hampshire. We address this request later in the course of our Opinion.

3. The motion hearing was held on March 22, 1979, at which time the Court requested that it be furnished with the legislative history of the statute which defendants claimed applicable. Through no fault of counsel, this was not available from the Legislative office until November

eff. date, June 27, 1978) passed in the waning hours of the 1978 Special Session of the New Hampshire Legislature. The obvious purpose of this statute was to restrict the scope of so-called "third party actions" which might be brought by injured employees or their dependents who are subject to the Workmens Compensation Act of New Hampshire (RSA 281).[4] *Clark v. Jackson,* 455 F.Supp. 537 (D.N.H.1978). A sweeping revision of the compensation law in 1947 permitted such actions, based on the concept that the ultimate loss from wrongdoing should fall upon the wrongdoer, and that the injured workman or his dependents should be granted an opportunity in such cases to obtain fair pecuniary compensation. *Bilodeau v. Oliver Stores, Inc.,* 116 N.H. 83, 87, 352 A.2d 741, 744 (1976); *Tarr v. Republic Corp.,* 116 N.H. 99, 102, 352 A.2d 708, 710–11 (1976).

Two particular sections of the statute are here involved. At the time plaintiff was injured on January 13, 1976, RSA 281:12 provided in pertinent part:

An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions hereof and to have waived his rights of action at common law to recover damages for personal injuries against his employer, or against the employer's insurance carrier . . . . The spouse of an employee entitled to benefits under this chapter shall have no direct right of action against the employer, or the employer's insurance carrier, to recover for consequential damages.

Prior to an amendment in 1971 (Laws of 1971, 539:5), the above statute did not contain any language relative to actions brought by or on behalf of the spouse. However, in 1970, the court held that a wife's right to sue for loss of consortium is separate and distinct from her husband's rights against his employer to recover for the injuries he sustains. *LaBonte v. National Gypsum Co.,* 110 N.H. 314, 269 A.2d 634 (1970). The 1971 amendment was designed to bar, therefore, a spouse's right of action "at common law" to recover for consequential damages. The amendment was not considered applicable to fatal injuries sustained in 1969 by the husband of a wife who was again entitled to recover for consortium. *Archie v. Hampton,* 112 N.H. 13, 287 A.2d 622 (1972). Nor was it held applicable to bar the wife's right of consortium for work-related injuries sustained by her husband in 1972. *Ahern v. Laconia Country Club, Inc.,* 118 N.H. 623, 392 A.2d 587 (1978).

The reasoning behind these cases was that the waiver contained in the language of RSA 281:12 referred to the employee's rights of action, and not to the wife's separate right to sue for loss of consortium, which itself was created by statute in 1967 (RSA 507:8–a). The Legislature again responded by amending the statute in 1973 to the form which it was at the time of the instant plaintiff's injury, *i. e.,* barring a spouse's "direct right of action against the employer". It was accordingly subsequently held that the 1973 amendment barred a wife's cause of action for consortium where the injuries sustained by her husband occurred in 1974. *O'Keefe v. Associated Grocers of New England, Inc.,* 117 N.H. 132, 370 A.2d 261 (1977). However, it was held in the same year, 1977, that the employee's waiver of his "rights of action at common law" pursuant to RSA 281:12 did not bar the administrator of his estate from suing the employer, as this statute served only to bar common law rights, and not a statutori-

28, 1979, at which time the Court acceded to the requests of counsel that they be given additional time to furnish supplementary legal memos. The last of these memos was filed with the Court on December 12, 1979.

4. The parties agree that the Workmens Compensation Act of New Hampshire is here applicable, it appearing that plaintiff was hired in New Hampshire by a New Hampshire contrac-tor that does most of its business in New Hampshire, and that plaintiff was only temporarily employed in Vermont at the time of his injury. The ramifications of RSA 281:13 do not therefore have to be here considered, as it is clear that plaintiff did not have a "fixed and non-temporary employment situs" in Vermont. *Poliquin v. DeSoto Kerns Co.,* 118 N.H. 371, 386 A.2d 1287 (1978).

ly created right to recover for wrongful death. *Ransmeier v. Camp Cody, Inc.,* 117 N.H. 736, 378 A.2d 752 (1977).

RSA 281:14, as it stood at the time the plaintiff in the instant case sustained his injury, provided in pertinent part:

I. When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than the employer, or the employer's insurance carrier, a legal liability to pay damages in respect thereto, the injured employee, in addition to the benefits of this chapter, may obtain damages from or proceed at law against such other person to recover damages   .    .   ..

II. When death of an employee has resulted under circumstances creating in some person other than the employer, or the employer's insurance carrier, a legal liability to pay damages in respect thereto, the administrator of the employee's estate, in addition to the benefits of this chapter which are payable to the employee's dependents, may obtain damages from or proceed at law against such other person to recover damages.   .    .

In 1953 this statute had been construed as permitting suit by the administrator of a deceased employee against a fellow employee who allegedly caused his fatal injuries. *Merchants Mutual Casualty Company v. Tuttle,* 98 N.H. 349, 101 A.2d 262 (1953). This holding was expanded, again in 1977, to permit action by one employee against a supervisory employee, the court considering and rejecting the contention that such supervisor should be viewed as the employer's alter ego. *Vittum v. New Hampshire Insurance Company,* 117 N.H. 1, 369 A.2d 184 (1977). And on May 17, 1978, the court rendered its decision in *Stevens v. Lewis,* 118 N.H. 367, 387 A.2d 637 (1978). Therein, the plaintiff sustained injuries while operating a machine used in the manufacture of shoe components, and successfully recovered from the defendant, who was the president, treasurer, and sole stockholder as well as a director of the corporate employer. The Court held that it was for the jury to determine whether defendant was the alter ego of the corporation, and if so, whether the function he allegedly performed negligently was a corporate responsibility or a responsibility owed by one employee to another. The court concluded that unless the defendant was both the corporate alter ego and was performing a corporate responsibility, he could derive no immunity under RSA 281:12. *Id.* at 370, 387 A.2d at 639; *Clark v. Jackson, supra,* at 538.

The amendatory legislation which is the subject of the motions before the Court followed in the 1978 Special Session. As so amended, RSA 281:12 now provides:

An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions hereof and on behalf of himself, or his personal or legal representatives, to have waived all rights of action whether at common law or by statute or otherwise:

I. Against the employer or the employer's insurance carrier; and

II. Except for intentional torts, against any officer, director, agent, servant or employee acting on behalf of the employer or the employer's insurance carrier.

The spouse of an employee entitled to benefits under this chapter or any other person who might otherwise be entitled to recover damages on account of the employee's personal injury or death, shall have no direct action whether at common law or by statute or otherwise, to recover for such damages against any person identified in paragraphs I. and II.

RSA 281:14 as so amended now provides in pertinent part:

I. When an injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some person other than a person against whom action has been barred under RSA 281:12, a legal liability to pay damages in respect thereto, the injured employee, in addition to the benefits of this chapter, may obtain damages from or proceed at law against such other persons to recover damages   .    .   ..

II. When the death ·of an employee has resulted under circumstances creating in some person other than a person against whom action has been barred under RSA 281:12, a legal liability to pay damages in respect thereof, the administrator of the employee's estate, in addition to the benefits of this chapter which are payable to the employee's dependents may obtain damages from or proceed at law against such other person to recover damages. . . . [5]

Simply stated, the defendants, conceding that the 1978 amendments to the statute have no application to suits which were pending as of the date of passage of the amendments (June 27, 1978), contend that they are applicable and therefore serve to bar any actions which have been brought since that date. Plaintiff responds that the act is prospective in its application only, and therefore cannot serve to bar any legal actions brought within the applicable limitations period which arise from injuries sustained before the effective date of the amendments.

Article 14 of Part I of the New Hampshire Constitution provides in part that "[e]very subject of this state is entitled to a certain remedy, by having recourse to the laws, for all injuries he may receive in his person, . . . to obtain right and justice freely, . . . completely, and without any denial . . . conformably to the laws." The term "conformably to the laws" means the rules of statutory and common law applicable at the time the injury is sustained. *Opinion of the Justices,* 113 N.H. 205, 210, ·304 A.2d 881, 885 (1973);

*Sousa v. State,* 115 N.H. 340, 343, 341 A.2d 282, 284 (1975); *Fowler v. Fowler,* 116 N.H. 446, 450, 362 A.2d 204, 207 (1976). Moreover, in repeated construction of the workmen's compensation law (RSA 281), the New Hampshire court has held that rights and liabilities thereunder are to be determined by those provisions of the statute which were in effect on the date of injury. *Cote v. Company,* 85 N.H. 444, 446, 160 A. 101, 102 (1932); *Rivard v. Company,* 95 N.H. 100, 103, 58 A.2d 501, 503 (1948); *Opinion of the Justices,* 99 N.H. 509, 510–11, 112 A.2d 48, 49 (1955); *Davis v. Manchester,* 100 N.H. 335, 340, 126 A.2d 254, 258 (1956); *Lessard v. Manchester Fire Department,* 118 N.H. 43, 47, 382 A.2d 365, 367–68 (1978); *De Paolo v. Spaulding Fibre Co.,* 119 N.H. 89, 90, 397 A.2d 1048, 1049 (1979).

Additionally, New Hampshire is one of a small number of states [6] whose constitution (Part I, Art. 23) [7] prohibits the retrospective application of legislation. The "intention of the legislature as expressed in the statute is the touchstone to its meaning." *Ahern v. Laconia Country Club, Inc.,* 118 N.H. 623, 624, 392 A.2d 587, 588 (1978); *Corson v. Brown Products, Inc.,* 119 N.H. 20, 23, 397 A.2d 640, 642 (1979); *Blais v. Town of Goffstown,* 119 N.H. ——, 406 A.2d 295, 297 (1979). The statute itself, read in its proper context, supplemented by other relevant and reliable extrinsic evidence, such as its legislative history, represents the objective manifestation of the legislative intent. *State v. Mullen,* 119 N.H. ——, 406 A.2d 698, 700 (1979).

As the Court has previously outlined in the course of this Opinion (p. 1251, *ante* ),

---

5. At the time of plaintiff's injuries, and as now amended, RSA 281:14 also provided that in the event of recovery in such third-party actions, the employer or the employer's insurance carrier had a lien on such recovery, less the costs of suit, to the extent of compensation, medical, hospital, or remedial care, paid or to be paid, less such employer's or carrier's pro rata share of expenses and costs of the action. These provisions were designed to reduce the overall cost of insurance and to prevent a windfall in the form of double recovery by the injured employee or his estate. *Bilodeau v. Oliver Stores, Inc., supra; Del Rio v. Northern Blower Co.,* 574 F.2d 23, 27 (1st Cir. 1978).

6. The other states include Colorado, Georgia, Idaho, Missouri, Ohio, Tennessee, and Texas. 2 Sutherland, Statutory Construction (4th ed. C. Sands, 1973) § 41.03, n. 9, p. 251.

7. Article 23 of Part I, New Hampshire Constitution, provides:

Retrospective laws are highly injurious, oppressive, and unjust. No such laws, therefore, shall be made, either for the decision of civil causes, or the punishment of offenses.

and as supported by the legislative history, it is clear that the 1978 amendments to RSA 281:12, 14, were the result of legislative reaction to court decisions which contravened what the legislature perceived it intended those provisions of the statute to hold. *See Hanchett v. Brezner Tanning Co.,* 107 N.H. 236, 241, 221 A.2d 246, 249 (1966). However, further examination of the legislative history does not support the position of the defendants that, as to the effective date of the statute (June 27, 1978), it was intended to bar all actions which had been accrued but had not been commenced as of that date. True, the sponsor of the amending legislation (Senator Bergeron) on introduction of the amendment stated that the legislation was of an emergency nature due to his understanding "that there are some twelve to fourteen pending suits now." But careful examination of the remainder of the legislative history fails to reveal either thought or mention of the contention that the rights of employees who had already sustained injuries but had not as yet commenced action under the existing six-year statute of limitations (RSA 508:4 [Supp.1977]) were to be barred as of the effective date of passage of the amendments. Indeed, the focus of the debate (apart from the intent to overrule the decisions to which the Court has previously adverted) was on the increase of future premiums for workmen's compensation if the amendments were not passed.[8]

In the amendments here at issue, language which would have clearly manifested a legislative intent to make them effective to bar accrued causes of action in which suits had not been commenced was *not* used, and the Court cannot assume that the elimination of such important language was inadvertent, nor can it conclude that the legislature intended to bar such action in the absence of clear and unmistakable language. *See State v. Mullen, supra,* 406 A.2d at 701.[9] In sum, there is no indication in either the statute itself or in its legislative history that it was intended that the amendments were to apply retroactively, and, in the absence of such an intent, statutes are presumed to operate only prospectively. *Lessard v. Manchester Fire Department, supra.* Furthermore, to apply the 1978 amendments to injuries sustained prior to their effective date would be to apply them so as to "create a new obligation, impose a new duty or attach a new disability in respect to past transactions." *Id.* The Court concludes that it was not intended that the amendments at issue be applied to actions accrued in which suits had not yet been brought, although such amendments are applicable to any actions arising from injuries which occurred after their effective date.

In reaching this conclusion, the Court has been guided by the well-settled rules of statutory construction applied by the New Hampshire court, and it is therefore apparent that certification of the question of law here decided is not required. For the reasons we have outlined herein, the motion to certify and the motion to dismiss must be, and they hereby are, denied.

So ordered.

8. Parenthetically, the Court notes that inasmuch as it is clear that the lien recovery provided at all times in RSA 281:14 (*see* n. 5, *supra*) is designed in part *to reduce* the overall cost of such insurance, an inconsistency arises in a *restriction of the class* from which such liens may be recovered. The practical answer is that in many instances the workmen's compensation carrier and the liability insurance carrier on the suable parties or entities are one and the same. The Court is aware of the restraints which prevent its questioning the wisdom and practicality of the legislation at issue (*Opinion of the Justices,* 113 N.H. 205, 304 A.2d 881 [1973]), and raises the point only for the clarification of the reader.

9. It is clear that the 1978 Special Session was aware of available methods by which it could address such a problem. For example, in amending RSA 4:1 (Removal of Public Officers for Cause) it specifically provided that the amendment was applicable to such officers who "are holding such office on or after its effective date." Additionally, in passing the "Product Liability Actions Statute" (RSA 507–D), it provided in pertinent part that the statute would have application to "causes of action accruing prior to its effective date upon which no action has been instituted as of its effective date. . . ." (507–D:5).