Hillsborough
No. 81-303
No. 81-322

MARILYN L. ROBBINS

v.

FRED SEEKAMP & a.

MARILYN L. ROBBINS

v.

STRUCTURES UNLIMITED & a.

April 2, 1982

*Craig, Wenners, Craig & McDowell,* of Manchester (*Thomas E. Craig* on the brief and orally), for the plaintiff.

*Wiggin & Nourie,* of Manchester (*Wilfred J. Desmarais, Jr.,* and *Mark A. Langan* on the brief, and *Mr. Langan* orally), for the defendants.

BATCHELDER, J. This appeal arises from the Trial Court's (*Flynn,* J.) granting of a motion to dismiss the plaintiff's actions against her co-employees on the ground that the actions were barred by the statute of limitations and his denial of a motion to dismiss the actions against corporations affiliated with the plaintiff's employer on the grounds that the actions were barred by the statute of limitations and the workmen's compensation statute. We affirm.

The plaintiff sustained a job-related injury on December 23, 1974, while employed by the Kalwall Corporation, where she was working with a laminating machine which performed a role in producing glass-reinforced polyester sheeting. As a result of the injury, she received benefits under the provisions of the workmen's compensation statute. RSA ch. 281. In an effort to pursue possible third-party claims, the plaintiff previously had brought an action against Kalwall Corporation and was permitted by this court to pursue non-party discovery under certain limitations. *Robbins v. Kalwall Corp.,* 120 N.H. 451, 417 A.2d 4 (1980).

In the first of these cases consolidated for appeal, the plaintiff, on April 9, 1981, more than six years after the accident, instituted additional actions against the defendants, all co-employees of the plaintiff, for their alleged failure to warn or properly instruct the plaintiff in the use of the machine.

These actions, sounding in pleas of the case for common-law negligence, are barred by the six-year personal-injury statute of limitations, RSA 508:4 (Supp. 1979), unless they are products liability cases, governed by RSA 507-D:5 (Supp. 1979), which became effective on August 22, 1978. Under that statute, products liability actions must be commenced within three years of the effective date of the statute if the cause of action accrued prior to that date. In this case, the plaintiff's task is to change what was, at the outset, a negligence action into a products liability action. The facts of this

case, together with a fair application of RSA ch. 507-D, prevent the plaintiff from achieving the results she desires.

■ The plaintiff's products liability action must necessarily be predicated on the duty and potential liability of her employer as a manufacturer and seller of the machine. From such a duty and potential liability would flow a duty of the plaintiff's co-employees to warn or instruct her as to the use of the machine.

■ This court has recognized the fact that a plaintiff may, under certain limited circumstances, maintain an action against his employer under RSA ch. 507-D in spite of the fact that the plaintiff has received workmen's compensation benefits as a result of the same injury. In *DePaolo v. Spaulding Fibre Company, Inc.,* 119 N.H. 89, 89-90, 397 A.2d 1048, 1049 (1979), the plaintiff employee, after receiving workmen's compensation, brought an action against his employer for an injury allegedly caused by the employer's negligent design and manufacture of a heating fabrication machine. The court granted the motion to dismiss, concluding that, while it presumed the machine to have been designed and manufactured by the defendant, the machine was used solely in its plant and was not sold to the public.

■■ The "dual capacity" doctrine permits an employer, normally shielded from tort liability by the exclusive remedy principle, to become liable in tort to his own employee if he acts, in addition to his capacity as an employer, in a second capacity conferring on him obligations independent of those imposed on him as employer. *See* 2A A. LARSON, LAW OF WORKMEN'S COMPENSATION § 72.80, at 14-112, 14-117 (1976). Though an increasing number of courts have recognized this doctrine, they have continued to require not only that a defendant-employer have participated in some way in the manufacture of the machine, but also that the defendant have in some manner placed the machine in the stream of commerce. *Kohr v. Raybestos-Manhattan, Inc.,* 505 F. Supp. 159, 161-62 (E.D. Pa. 1981); *Bell v. Industrial Vangas, Inc.,* 168 Cal. Rpt. 41, 43 (1980); *Douglas v. E. & J. Gallo Winery,* 137 Cal. Rpt. 797, 803 (1977); *Smith v. Metropolitan Sanitary District,* 77 Ill. 2d 313, 318-20, 396 N.E.2d 524, 527-28 (1979).

■■ Although in a motion to dismiss we will view all allegations and reasonable inferences therefrom in the light most favorable to the plaintiff, *Lawton v. Great Southwest Fire Ins. Co.,* 118 N.H. 607, 610, 392 A.2d 576, 578 (1978), the plaintiff has not alleged facts sufficient to bring her employer, and as a conse-

quence her co-employees, under the products liability statute, RSA ch. 507-D. The motion to dismiss was properly granted.

■ The second case, consolidated with the first for this appeal, raises the issue of whether the plaintiff can maintain an action under RSA ch. 507-D against three corporations, Structures Unlimited, Keller Products and Plywood Wholesale Company, for their alleged negligent design and manufacture of the oven that caused her injuries. Although the plaintiff did not use the words "products liability" in her pleadings, she did track the language of RSA ch. 507-D. In this jurisdiction, pleadings are construed liberally, *Berlinguette v. Stanton*, 120 N.H. 760, 762, 423 A.2d 289, 290 (1980), and, if counsel can understand the dispute and the court can decide the controversy on its merits, the pleadings are adequate. *Morency v. Plourde*, 96 N.H. 344, 345–46, 76 A.2d 791, 792 (1950); *see also Walker v. Walker*, 63 N.H. 321, 326–28 (1885) (Doe, C.J.).

■ The corporate defendants next argue that the action is barred by the statute of limitations. The plaintiff filed the second writ on April 9, 1981. Since it was filed before August 22, 1981, it is timely. *See* RSA 507-D:5 (Supp. 1979).

■ The corporate defendants finally argue that the action was barred by the version of the workmen's compensation statute then in effect, Laws 1959, 187:4, as amended (current version at RSA 281:12 (Supp. 1979)), contending that they were also employers of the plaintiff. The plaintiff had originally stated in the caption to her writ that the three corporations were divisions of Kalwall Corporation. The writ was later amended to state that the corporations were affiliated with Kalwall. We cannot say as a matter of law that affiliated corporations are employers within the meaning of the workmen's compensation statute. Because this factual issue remains, the trial judge properly denied the motion to dismiss on this ground.

*Affirmed.*

BROCK, J., did not sit; the others concurred.