Rockingham
No. 81-442

KRISTEN L. HOLZWORTH

v.

PETER FULLER

July 7, 1982

*Richard E. Dill Associates P.A.*, of Kittery, Maine (*Richard E. Dill* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Susan M. Vercillo* on the brief and orally), for the defendant.

PER CURIAM. After receiving benefits under the workmen's compensation act, RSA ch. 281, the plaintiff, Kristen Holzworth, brought the present negligence action against the defendant, Peter Fuller. The defendant filed a motion to dismiss on the ground that RSA 281:12 (Supp. 1981) barred the plaintiff's negligence action. The Court (*Bean*, J.) granted the defendant's motion to dismiss. We affirm.

The plaintiff, Kristen Holzworth, was employed as a part-time groom at Runnymede Farm, a horse farm owned by the defendant. On June 4, 1977, while performing her tasks as a horsegroom, she was bitten on the left hand by a stallion. The bite caused injury to her left thumb. She received workmen's compensation benefits pursuant to RSA ch. 281. Subsequently, she initiated the present negligence action against the defendant as the owner both of the premises and of the horse.

In this appeal, the only issue is whether the workmen's compensation statute, RSA 281:12 I (Supp. 1981) bars a negligence action by an employee against an employer in his capacity as the owner of the premises and of the instrumentality causing the injury.

The plaintiff requests this court to adopt the dual-capacity theory, which permits negligence actions against employers in certain instances, claiming that the defendant's duties as a landowner and the owner of a stallion were separate and distinct from those owed to the plaintiff as her employer. *See* 2A A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 72.80, at 14-229, § 72.82, at 14-234 (1982). The plaintiff argues that the case of *Stevens v. Lewis*, 118 N.H. 367, 369–70, 387 A.2d 637, 639 (1978), provides convincing precedent in support of the adoption of the dual-capacity theory in New Hampshire. We disagree.

■ RSA 281:12 I (Supp. 1981) limits an employee's right to sue as follows:

> "An employee of an employer subject to this chapter shall be conclusively presumed . . . to have waived all rights of action whether at common law or by statute or otherwise:
>
> I. Against the employer or the employer's insurance carrier . . . ."

We have held that this statute "clearly prohibits an employee from maintaining a common-law action against his employer for personal injuries arising out of the employment relationship." *O'Keefe v. Associated Grocers of N.E., Inc.*, 120 N.H. 834, 835–36, 424 A.2d 199, 201 (1980); *but see Park v. Rockwell Int'l Corp.*, 121 N.H. 894, 900, 436 A.2d 1136, 1140 (1981).

Although application of the dual-capacity doctrine may be appropriate in other circumstances, *see Robbins v. Seekamp*, 122 N.H. 318, 321, 444 A.2d 537, 538 (1982), the facts of this case do not warrant the application of this doctrine.

■ In *Stevens v. Lewis*, this court permitted an employee to bring a negligence action against his employer in his capacity as a co-employee. 118 N.H. at 370, 387 A.2d at 639; *but see* RSA 281:12 II (Supp. 1981) (legislature abolished suits against co-employees except for intentional torts). *Stevens* is limited to the facts presented in that case, *i.e.*, where the defendant is both the corporate alter ego and is performing a corporate responsibility, *see id.* at 370, 387 A.2d at 639, and it contains no suggestion that the dual capacity theory should be extended to permit employees to sue their employer in his additional capacity as landowner.

■ In the present case, the plaintiff was injured while performing her tasks as an employee. The employment relationship was the dominant relationship between the parties at the time of the accident. *See Kottis v. United States Steel Corp.*, 543 F.2d 22, 26 (7th Cir. 1976), *cert. denied*, 430 U.S. 916 (1977); *but see Tatrai v. Presbyterian University Hospital*, 439 A.2d 1162, 1164–65 (Pa. 1982). We are unable to find the distinction the plaintiff claims exists between the defendant's duty, as an employer, to keep a safe work place, and his duties, as the owner of the premises and the horse, to restrain the stallion or to warn the public of potential danger. To allow the plaintiff to bring a negligence action against her employer in his capacity as landowner, after recovering benefits under the workmen's compensation statute, would undermine the policy of the workmen's compensation statute. *See O'Keefe v.*

*Associated Grocers of N.E., Inc.*, 120 N.H. at 835–36, 424 A.2d at 201 (1980); *Kottis v. United States Steel Corp.*, 543 F.2d at 26.

*Affirmed.*