United States District Court
No. 83-191

PAUL T. QUINN

v.

NATIONAL GYPSUM COMPANY

December 30, 1983

*Mulvey, Noucas & Sullivan P.A.*, of Portsmouth (*Mark F. Sullivan* on the brief and orally), for the plaintiff.

*McLane, Graf, Raulerson & Middleton P.A.*, of Manchester (*Wilbur A. Glahn, III*, and *John A. Graf* on the brief, and *Mr. Glahn* orally), for the defendant.

PER CURIAM. Two questions are before us upon certification by the United States District Court for the District of New Hampshire (*Loughlin*, J.) under our Rule 34. They are:

> "1. Has New Hampshire adopted the 'dual capacity' doctrine which permits an employer, normally shielded from tort liability by the exclusive remedy principle, to become liable in tort to his own employee if he acts, in addition to his capacity as an employer, in a second capacity conferring on him obligations independent of those imposed on him as employer?

2. Is the 'dual capacity' doctrine applicable in these circumstances where the injury sustained by the employee and arising in the course of employment is caused by a product manufactured by the employer and sold to the public in the stream of commerce?"

Pursuant to the order of certification, our consideration of these questions is to be based upon the following circumstances and facts:

"1. This is an action sounding in negligence and strict liability.
2. The plaintiff was employed by the defendant.
3. The defendant is in the business of manufacturing and selling asbestos products in the stream of commerce to the public.
4. The plaintiff alleges that he has contracted asbestosis disease [for which he received workmen's compensation benefits].
5. The plaintiff alleges that his contraction of asbestosis was proximately caused by his exposure to asbestos and asbestos products manufactured, supplied and sold by the defendant.
6. The plaintiff admits that his exposure to asbestos occurred in the course of his employment, through handling and being in proximity to asbestos within the work environment.
7. The plaintiff asserts that his suit against his employer, the defendant is not barred by New Hampshire RSA Ch. 281, Workmen's Compensation law by virtue of the 'dual capacity' doctrine recognized in the case of *Robbins v. Seekamp*, 122 N.H. 318 (1982) and referred to in the case of *DePaolo v. Spaulding Fibre Co.*, 119 N.H. 89 (1979).

The defendant contends that plaintiff's suit is barred by the Workmen's Compensation laws and to allow this suit would undermine the purpose and alter the balance established by the Workmen's Compensation laws."

In *Robbins v. Seekamp*, 122 N.H. 318, 444 A.2d 537 (1982), referring to *DePaolo v. Spaulding Fibre Co.*, 119 N.H. 89, 397 A.2d 1048 (1979), we said: "This court has recognized the fact that a plaintiff may, under certain limited circumstances, maintain an action against his employer . . . in spite of the fact that the plaintiff has received workmen's compensation benefits as a result of the same injury," and we further stated that "[t]he 'dual capacity' doc-

trine permits an employer, normally shielded from tort liability by the exclusive remedy principle, to become liable in tort to his own employee if he acts, in addition to his capacity as an employer, in a second capacity conferring on him obligations independent of those imposed on him as employer." *Robbins v. Seekamp*, 122 N.H. at 321, 444 A.2d at 538.

■■ While *recognizing* the appropriateness of the application of the "dual capacity" doctrine in certain limited circumstances, we have not yet *adopted* this doctrine in the sense that we have not yet permitted an employee, who has received workmen's compensation benefits, to also maintain an action against his employer under this theory. *See Holzworth v. Fuller*, 122 N.H. 643, 644–45, 448 A.2d 394, 395 (1982). Accordingly, we answer question No. 1 by stating that we have recognized the "dual capacity" doctrine but have not yet had facts presented to this court which would provide an opportunity to adopt the doctrine.

■ For purposes of responding to question No. 2, we are to assume, as the plaintiff admits, "that his exposure to asbestos occurred in the course of his employment, through handling and being in proximity to asbestos within the work environment." Based upon the circumstances and facts presented to this court, we are unable to find that the defendant manufacturer in this case acted "... in a second capacity conferring on him obligations independent of those imposed on him as employer." We therefore answer "no" to question No. 2.

*Remanded.*