JARVIS, ADMR., APPELLANT, *v.*
SCHINDLER, APPELLEE, ET AL.

(No. 11545—Decided April 25, 1984.)

*Michael J. DelMedico,* for appellant.
*Robert F. Orth* and *Kurt R. Weitendorf,* for appellee.
*Orville L. Reed III,* for Ford Motor Co.

MAHONEY, J. Plaintiff Frank Jarvis appeals a trial court order granting Alvin G. Schindler's motion for summary judgment pursuant to R.C. 4123.741. We affirm.

Plaintiff-appellant's decedent, William J. Jarvis, was operating a 1976 Ford truck for his employer, All-Ohio Threaded Rod Company, when the brakes failed causing an accident that killed William Jarvis. The truck was owned by defendant-appellee, Alvin Schindler, who was also the decedent's fellow employee.

Frank Jarvis, administrator of the decedent's estate, filed a wrongful death action against the Ford Motor Company for negligently designing and manufacturing the braking system and against Schindler for negligently failing to maintain the braking system. The trial court entered summary judgment in favor of Schindler finding that R.C. 4123.741 precluded a suit against a fellow employee.

### Assignment of Error

"The trial court erred in granting summary judgment in favor of defendant-appellee Alvin Schindler."

Appellant admits that R.C. 4123.741 prevents one employee from being held liable to a fellow employee for injuries or death arising out of their employment. However, he urges this court to extend the dual capacity doctrine to the fellow servant relationship and to determine that the cause of his decedent's death — negligently maintained brakes — is not a hazard of employment. We question appellant's assertion that Schindler was acting in a dual capacity. However, we need not reach that issue. In *Watson* v. *Sycz* (Mar. 9, 1983), Summit App. No. 10885, unreported, this court refused a request to extend the dual capacity doctrine to fellow employees. This writer dissented, but now, by reason of *stare decisis,* must follow that decision and concur in denying a similar request.

We overrule appellant's assignment of error. The judgment is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and GEORGE, J., concur.