Belknap
No. 92-557

## JAMES A. MELLO

v.

## GOUIN'S PLUMBING AND HEATING COMPANY, INC.

November 10, 1993

676

*Murphy, McLaughlin, Hemeon & Lahey, P.A.*, of Laconia (*Matthew J. Lahey* on the brief and orally), for the plaintiff.

*Bouchard & Mallory, P.A.*, of Manchester (*Mark L. Mallory* on the brief and orally), for the defendant.

THAYER, J. The defendant appeals the Superior Court's (*McHugh*, J.) determination that the plaintiff could maintain a negligence action against his employer after the plaintiff was injured and received workers' compensation benefits. We reverse.

The parties stipulated to the following facts. On March 11, 1987, the plaintiff was employed by the defendant as a plumbing and heating technician and was qualified to perform minor repairs to heating systems. The defendant installs, maintains, and repairs plumbing and heating systems, and constructed the building from which it operates its business. The defendant also rents office space in the building to other businesses.

The building that houses the defendant and its tenants is serviced by separate heating and cooling units. These units were maintained by the defendant's employees or by an independent contractor. Prior to March 11, 1987, the independent contractor informed the defendant that it would no longer service the rooftop heating units because they were located too close to the edge of the roof, and because the roof lacked a railing. The location of the units did not comply with the National Gas Fuel Code, which required such units to be installed more than six feet from the edge of the roof, or to have railings around them if they are less than six feet from the edge of the roof.

On March 11, 1987, the plaintiff arrived at work at his usual time to receive his work assignments, and was directed by his superior to go to the roof and work on a malfunctioning heating unit servicing a tenant. While attempting to inspect the malfunctioning unit, which was approximately four feet from the edge of the roof, the plaintiff fell from the roof and was injured. The proximity of the unit to the edge of the roof and the absence of a railing were the proximate causes of the plaintiff's fall and subsequent injuries. Following the

accident, the plaintiff applied for and received over $80,000 in workers' compensation benefits for his injuries and lost time from work.

The record indicates that the plaintiff brought an action in negligence against the defendant in 1990. The plaintiff alleged that: (1) the defendant breached its duty of reasonable care by failing to warn that the heating unit was improperly mounted, and that servicing it constituted an ultrahazardous activity; and (2) the defendant breached its duty of care by failing to maintain the units in a safe condition. The plaintiff claimed that "the Defendant's duty was separate and distinct from its duty as an employer to provide a safe work place."

The defendant sought to dismiss the complaint on the ground that the workers' compensation statute in effect at the time of the accident, RSA 281:12 (1987) (current version at RSA 281-A:8 (Supp. 1992)), precluded any common law or statutory claim against an employer. In June 1990, the superior court denied the motion to dismiss because it found that the defendant was "being sued in a capacity other than that of employer." In its final order, the court denied the motion, ruling that the workers' compensation statute did not bar the plaintiff's action because "the relationship that the plaintiff had with the defendant at the time of his accident was something more than employee-employer, and that this other relationship, whatever it may be called, was the dominant relationship." The superior court relied on *Quinn v. National Gypsum Co.*, 124 N.H. 418, 469 A.2d 1368 (1983), in ruling that the defendant was acting in a "dual capacity" with regard to its legal relationship with the plaintiff, and that the parties' relationship at the time of the accident was that of owner-contractor, not employer-employee.

The dispositive issue in this case is whether the superior court erred in ruling that the plaintiff had a potential cause of action against his employer outside of the workers' compensation statute. At the time of the plaintiff's injury, the statute provided:

> "An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions hereof and on behalf of himself, or his personal or legal representatives, to have waived all rights of action whether at common law or by statute or otherwise:
>
> I. Against the employer or the employer's insurance carrier . . . ."

RSA 281:12 (1987); *see also* RSA 281-A:8, I(a) (Supp. 1992).

■ The plaintiff bases his claim on the dual capacity doctrine, which "permits an employer, normally shielded from tort liability by the exclusive remedy principle, to become liable in tort to his own employee if he acts, in addition to his capacity as an employer, in a second capacity conferring on him obligations independent of those imposed on him as employer." *Robbins v. Seekamp*, 122 N.H. 318, 321, 444 A.2d 537, 538 (1982). We have recognized the existence of this legal theory, but have not adopted it, in that we have yet to permit an employee who has received workers' compensation benefits to also maintain an action against his or her employer. *See Quinn*, 124 N.H. at 421, 469 A.2d at 1370; *Holzworth v. Fuller*, 122 N.H. 643, 645, 448 A.2d 394, 395 (1982). The plaintiff contends that the defendant acted in two different legal capacities on the day of the accident: (1) as an employer, thus entitling the plaintiff to workers' compensation benefits; and (2) as a property owner in relation to the plaintiff's role as an independent contractor, thus entitling the plaintiff to recover in tort against the defendant.

■ While it is an open question whether an employee who has received workers' compensation may be able to maintain a products liability suit against the employer, *see DePaolo v. Spaulding Fibre Co.*, 119 N.H. 89, 90, 397 A.2d 1048, 1049 (1979), we have rejected the argument that an employee can maintain an action against an employer for the employer's negligence as a landowner when the plaintiff-employee's injury is work-related. *Holzworth*, 122 N.H. at 645, 448 A.2d at 395. The plaintiff seems to contend that because he alleged that servicing the heating unit constituted an inherently dangerous and ultrahazardous activity, he can avoid the employer's immunity under RSA 281:12. We fail to see how such an allegation, contained in a negligence action, abrogates the defendant's immunity from suit. *See id.* (no distinction between defendant-employer's duty to maintain safe work place and duty as landowner to warn of potential danger); *Holt v. Preload Technology, Inc.*, 774 S.W.2d 806 (Tex. Ct. App. 1989) (no recovery beyond workers' compensation for employee who fell through dome of storage tank and claimed that employer was grossly negligent in permitting him to work under dangerous conditions).

■ The crux of the plaintiff's dual capacity claim is the fact that "the portion of the building from which the Plaintiff fell was rental property leased to an insurance agency and totally unrelated to the plumbing and heating business for which the Plaintiff worked." Identifying the legal status of a person who may be either an em-

ployee or an independent contractor has little to do with where the work is done. "Under the Workers' Compensation Law, the distinguishing features of an employment relationship . . . are the employer's right to the employee's labor and his right to control the employee's performance . . . ." *Swiezynski v. Civiello*, 126 N.H. 142, 145, 489 A.2d 634, 637 (1985); *see* N.H. ADMIN. RULES, Lab 104.02 (in effect at the time of accident); *cf.* N.H. ADMIN. RULES, Lab 101.05 (effective Sept. 27, 1991).

■ The defendant certainly had the ability to direct the plaintiff to service the rooftop heating unit, and there is nothing in the record to indicate that the defendant lost the ability to control the plaintiff when he was on an area of the roof over property that the defendant leased to a third party. At the time of the injury, the plaintiff was performing work-related duties in response to a direction from the defendant. The employment relationship was the dominant relationship between the parties at the time of the plaintiff's injuries. *See Holzworth*, 122 N.H. at 645, 448 A.2d at 395. The facts stipulated to by the parties do not support a finding that the dominant relationship between the parties was that of owner and contractor. *See In re Ethan H.*, 135 N.H. 681, 687, 609 A.2d 1222, 1225 (1992). The defendant's motion to dismiss should have been granted, and we therefore reverse.

*Reversed.*

BATCHELDER, J., with whom BROCK, C.J., joined, dissented; the others concurred.

BATCHELDER, J., dissenting: The dual capacity doctrine may permit an employee to sue his or her employer when the employment relationship was not the "dominant" relationship between the parties when the accident occurred. *See Holzworth v. Fuller*, 122 N.H. 643, 645, 448 A.2d 394, 395 (1982). Because I agree with the trial court that the nature of the parties' specific relationship at the critical time is a question for the finder of fact, I would affirm the trial court's denial of the motion to dismiss. I therefore respectfully dissent.

BROCK, C.J., joins in the dissent.