DEBORAH RYAN & a.

v.

DENNIS HILLER

March 22, 1994

*Murphy, McLaughlin, Hemeon & Lahey*, of Laconia (*Matthew J. Lahey* on the brief and orally), for the plaintiffs.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Andrew D. Dunn* on the brief and orally), for the defendant.

HORTON, J.   The plaintiffs, Deborah Ryan and Diane Buckley, appeal from an order of the Superior Court (*Mohl*, J.) dismissing their claim against the defendant, Dennis Hiller. On appeal, the plaintiffs argue that the trial court erred in failing to apply the dual capacity doctrine. We affirm.

The defendant is a dentist and the principal of a professional corporation with four offices throughout northern New Hampshire and Maine. The plaintiffs were employed, respectively, as a dental hygienist and a bookkeeper. All divided their time among the different offices. At the beginning of the work day on March 17, 1989, the defendant was driving the plaintiffs and two other employees from

North Conway to the Berlin office when he slid off the road in a snowstorm, injuring the plaintiffs. The plaintiffs received workers' compensation benefits and then sued the defendant individually on a negligence theory. The defendant moved to dismiss arguing that he enjoyed immunity under the Workers' Compensation Law, RSA 281-A:8, I (Supp. 1993), which provides in part:

> "An employee of an employer subject to this chapter shall be conclusively presumed to have accepted the provisions of this chapter and, on behalf of the employee . . . , to have waived all rights of action whether at common law or by statute or otherwise:
>
> (a) Against the employer . . . ; and
>
> (b) Except for intentional torts, against any officer, director, agent, servant or employee acting on behalf of the employer . . . ."

The plaintiffs objected, arguing that application of the "dual capacity" doctrine, which we recognized in *Quinn v. National Gypsum Co.*, 124 N.H. 418, 469 A.2d 1368 (1983), precluded a finding of immunity. In *Quinn*, we said:

> "This Court has recognized the fact that a plaintiff may, under certain circumstances, maintain an action against his employer . . . in spite of the fact that the plaintiff has received workmen's compensation benefits as a result of the same injury and . . . that the 'dual capacity' doctrine permits an employer, normally shielded from tort liability by the exclusive remedy principle, to become liable in tort to his own employee if he acts, in addition to his capacity as an employer, in a second capacity conferring on him obligations independent of those imposed on him as employer."

124 N.H. at 420–21, 469 A.2d at 1369 (quotations omitted). According to the plaintiffs, the dominant relationship between the parties at the time of the accident was not an employment one, but rather one of driver and passenger, and thus the defendant was acting in such a second capacity. The trial court granted the motion to dismiss, regarding Dr. Hiller as a co-employee of the plaintiffs and reasoning that even if the dual capacity doctrine applied as an exception to co-employee immunity, none of the facts indicated that the defendant was acting in any capacity other than that of co-employee.

██ At the outset we note that there is some question as to whether we should treat Dr. Hiller as the plaintiffs' co-employee or as their employer. Through the notice of appeal stage, the plaintiffs

consistently referred to him as their co-employee, but in their brief, the plaintiffs term him their employer. Generally, a principal of a corporation who performs work on behalf of the corporation is treated as an employee, *see Stevens v. Lewis*, 118 N.H. 367, 369, 387 A.2d 637, 638 (1978); however, where a principal is an *alter ego* of his corporation, *id.*, and is performing corporate responsibilities, he will be treated as the employer. *Tanguay v. Marston*, 127 N.H. 572, 576, 503 A.2d 834, 836 (1986). We need not undertake this analysis, however, because we would affirm regardless of whether Dr. Hiller was an employer or co-employee.

■ We first assume that Dr. Hiller was a co-employee. The cases in which we have previously performed a dual capacity analysis have all been employer immunity cases, and we agree with the courts of several States that the dual capacity doctrine is an exception to employer immunity, but not co-employee immunity. *See Rodgers v. Hembd*, 518 N.E.2d 1120, 1123 (Ind. Ct. App. 1988); *Watson v. G.C. Associates Ltd.*, 100 Nev. 586, 588, 691 P.2d 417, 418 (1984); *Jarvis v. Schindler*, 20 Ohio App. 3d 227, 227, 485 N.E.2d 721, 722 (1984); *Deller v. Naymick*, 176 W. Va. 108, 112–13, 342 S.E.2d 73, 77–78 (1985); *see also* 2A A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 72.81(c) (1993). The reason for this distinction arises from the fact that the statute confers immunity on employers solely based on their status as employer, while co-employee immunity depends upon both the status as co-employee *and* whether the negligent act was performed "on behalf of the employer." The statutory employer immunity reaches all rights of action for damages by an employee where that employee is entitled to workers' compensation benefits. *See* RSA 281-A:8, I. The statute does not, however, purport to confer co-employee immunity for all non-intentional torts; instead, the legislature has drawn its own dual capacity line of sorts by providing immunity where there is common employment *and* the negligent act was performed on behalf of the employer. RSA 281-A:8, I(b). Under this statutory test, the inquiry is not whether the injury occurred while the co-employee was acting on behalf of his employer but whether the negligent act was performed on behalf of the employer. In the present case, we do not reach the issue of whether Dr. Hiller, as co-employee, was acting other than on behalf of his employer because that statutory issue was not raised on appeal.

We next assume that Dr. Hiller was the plaintiffs' employer. Although we have repeatedly recognized the dual capacity doctrine as an exception to employer immunity, we have yet to be presented with facts involving a capacity other than that of employer. *See, e.g., Mello*

*v. Gouin's Plumbing and Heating Company, Inc.*, 137 N.H. 675, 632 A.2d 1217 (1993) (employer plumbing and heating company not acting in second capacity as landowner where plaintiff employee fell from rooftop while repairing heating unit on rental property owned by employer); *Quinn v. National Gypsum Co.*, 124 N.H. 418, 469 A.2d 1368 (1983) (asbestos manufacturer not acting in second capacity even though employee injured by product that was sold to general public); *Holzworth v. Fuller*, 122 N.H. 643, 448 A.2d 394 (1982) (employer horse farm not acting in second capacity as landowner where employee groom was bitten by stallion); *DePaolo v. Spaulding Fibre Co.*, 119 N.H. 89, 397 A.2d 1048 (1979) (employer not acting in second capacity as assembly machine manufacturer where employer designed and manufactured assembly machine but did not sell to the general public).

██ We similarly fail to see how Dr. Hiller was acting in a capacity other than employer. The nature of Dr. Hiller's business was the operation of multiple offices, often requiring driving from one office to another. Sometimes, as here, Dr. Hiller would drive the plaintiffs. Other times, the plaintiffs would drive themselves and be reimbursed for mileage. Quite simply, moving from one work site to another was an indispensable part of the dental practice, and perhaps more importantly, Dr. Hiller's occasional driving of the defendants was part of his duties and relieved the corporation from having to reimburse the plaintiffs for mileage. In this light, we hold that the dominant relationship between Dr. Hiller and the plaintiffs at the time of the accident was an employment one. To hold otherwise, we believe, would undermine the legislature's decision to provide broad immunity to employers in exchange for an employee's right to recover workers' compensation benefits without regard to fault. As a general principle, any substantial narrowing of the realm of employer immunity must be done by the legislature.

In sum, because the dual capacity doctrine is not met regardless of whether we regard the defendant as employer or co-employee, we affirm. *Cf. In re Trailer & Plumbing Supplies, Inc.*, 133 N.H. 432, 438, 578 A.2d 343, 346 (1990).

*Affirmed.*

All concurred.